STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

JOSEPH REICHMANN (SBN 29324)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiffs, Mark Munoz, Daniel Shannon, Deondre Smith, and Class Members

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **PEOPLE OF LOS ANGELES COUNTY WHO ARE BEING PENALLY CONFINED IN PRE-TRIAL DETENTION BECAUSE OF AND DEPENDENT ON THEIR INABILITY TO PAY BAIL, BY MARK MUNOZ, DANIEL SHANNON, AND DEONDRE SMITH,**<br><br>Plaintiffs,<br><br>v.<br><br>**ALEJANDRO VILLANUEVA, and TEN UNKNOWN, NAMED DEFENDANTS, 1-100,**<br><br>Defendants. | **COMPLAINT**<br><br>(42 U.S.C. § 1983, 18 U.S.C. § 1961, *et seq.*)<br><br>**CLASS ACTION ALLEGATIONS**<br><br>**JURY DEMAND** |

Plaintiffs and putative class memvbers make the following allegations, and belief, in support of the this complaint:

## JURISDICTION AND VENUE

1. Plaintiffs are **MARK MUNOZ, DANIEL SHANNON,** and **DEONDRE SMITH,** who all are pretrial detainees in the Los Angeles County Jail who are in the custody of Los Angeles County Sheriff, defendant **ALEJANDRO VILLANUEVA,** because they all are impecunious and are unable to post the cash bail required for their releases, and who assert federal claims, under 42 U.S.C. § 1983 (civil rights) and 18 U.S.C. § 1961-64 (RICO) against defendant, and **TEN UNKNOWN, NAMED DEFENDANTS, 1-10**; and subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331 of the federal claims, defendants' conduct affects and interferes with interstate commerce, and jurisdiction lies pursuant to pursuant to 28 U.S.C. § 1332(a)(1).

2. The matters that are the bases for this action occurred and continue to occur in Los Angeles County, California, and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiffs and all class members, whose number presently is believed to be about 14,000 to 17,000, are persons who are held pretrial because they are impecunious and are unable to afford to pay the bail amount set for their release, and defendants are the perpetrators of their captivity, as well as defendants, whose true identities presently are unknown, who participated in the wrongful acts alleged herein, and whose conduct is culpable, and whose unknown names will be replaced by their true identities when those true identities are learned, are persons who may have engaged in some conduct that is culpable with respect to plaintiffs and their deceased son, as set forth hereinbelow. All defendants engaged in the

same conduct by participating in, facilitating, and making the decisions that resulted in the wrongs herein alleged.

4. Defendants each and all are sued in both their individual capacities, and in their official capacities, for the claims made under *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978), with respect to which defendants are sued in their official capacities only; and in their individual capacities only for the RICO violations hereinbelow alleged.

5. Plaintiffs and class members all are persons who have been subjected to deliberate indifference, to both constitutional violations and RICO violations by defendants.

6. Defendants and each of them play and played some material role in the acts and/or omissions alleged hereinbelow and in the setting of policies of the LAPD.

**ALLEGATIONS COMMON TO EACH COUNT**

7. Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this pleading.

8. All acts and/or omissions perpetrated and/or engaged in by each defendant, in their individual capacities, were done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive and/or intent, in disregard of the rights of plaintiffs and class members, and in clear violation of the federal Constitution and of the California Constitution, and of controlling federal law, both statutory and common law, as set forth by both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit.

9. Plaintiff Munoz is held on $150,000 bail that he cannot afford to post; plaintiff Daniel Shannon is held on $50,000 bail that he cannot afford to post; and plaintiff Deondre Smith is held on $135,000 bail that he cannot afford to post.

10. Defendants, by holding in pretrial custody prisoners who are unable to pay the amount of bail set for their releases, defendants are engaging in clearly unconstitutional conduct, with deliberate indifference and arbitrarily depriving plaintiffs of their constitutional rights to life, fundamental liberty, property, and excessive fines.

**COUNT ONE**

(Against All Defendants, 42 U.S.C. § 1983)

11. Plaintiffs re-allege specifically the allegations set forth in averments 9 & 10, hereinabove, and, by virtue thereof, all defendants are liable to plaintiffs, pursuant to 42 U.S.C. § 1983, for violation of decedent's and plaintiffs' Fourth, Eighth, and Fourteenth Amendment rights, not to be subjected to be held in pretrial custody with deliberate indifference by defendants.

**COUNT TWO**

(Against All Defendants for Conspiracy Under § 1983)

12. Plaintiffs reallege specifically hereat the allegations set forth at averments nine through 11, hereinabove, and by virtue thereof, all defendants also are liable to plaintiff for conspiracy to violate Fourth Amendment, Eighth Amendment, and Fourteenth Amendment rights, pursuant to § 1983, because they had and have an agreement or understanding that the wrongs perpetrated would be perpetrated,

**COUNT THREE**

(Against All Defendants Under Sec. 1983)

13. All defendants are liable to plaintiffs because they had and have, and foster, a policy, practice, procedure, and custom of Fourth, Eighth, and Fourteenth

Amendment violations by members as set forth hereinabove, and it is the moving force behind and which causes, in fact and proximately, plaintiffs' pretrial detentions, which policies, *etc.*, in violation of the Constitution, were moving forces that caused the violation of the plaintiffs' rights, as alleged herein;

**COUNT FOUR**

(Violation of *Jus Cogens* International Law)

14. Defendants' actions, as set forth hereinabove, are in clear violation of and are prohibited by the *jus cogens,* peremptory norms of international law that, among other things, prohibit unlawful takings into custody by government.

15. Such *jus cogens,* peremptory norms are the law of the land in the United States of America, and plaintiff and class members are entitled to damages for the harm caused to them by defendants' violations of *jus cogens*, peremptory norms, and to declaratory and injunctive relief, because the Ninth Circuit, in *Siderman v. Republic of Argentina*, 965 F.2d 699 (9th Cir. 1992), has held these prohibitions to be *jus cogens* norms. That is, plaintiff and class members claim defendants are liable to plaintiff and class members for subjecting them unlawful detentions, in violation of *jus cogens* peremptory norms of international law, whose violation, in turn, is a violation of the law of the United States of America, under the Supremacy Clause of the United States Constitution.

**COUNT FIVE**

(Violation of *Jus Dispositivum* International Law)

16. Defendants' actions, as set forth hereinabove, are in clear violation of the *jus dispositivum* treaty obligations entered into by the United States of America, and which obligations, pursuant to Article VI, Clause 2 of the United States Constitution (the Supremacy Clause), are "the supreme law of the land . . . any thing in the Constitution or laws of any state to the contrary notwithstanding."

17. The specific treaties whose provisions prohibit unlawful detentions and cruel and unusual punishments, to which the United States of America is a

signatory, and whose provisions were violated by defendants, are: Universal Declaration of Human Rights, G.A. Res. 217 (A) (III), U.N. Doc. A/810 at 71 (1948); the Declaration on the Protection of All Persons from Being Subjected to Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 3452 (1975); Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, annex 39 U.N. GAOR Supp. (No. 51) at 197, U.N. Doc. A/39/51, art. 1 (1984); Body of Principles for the Protection of all Persons under Any Form of Detention or Imprisonment, G.A. Res. 43/173, 43 U.N. GAOR Supp. (No. 49), U.N. Doc. A/43/49, at 297, Principle 5 (1988); the American Convention on Human Rights, O.A.S. Treaty Series No. 36, at 1, OEA/Ser. L./V/II.23 doc. Rev. 2, Art. 5); International Covenant on Civil and Political Rights, G.A. Res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at 52, U.N. Doc. A/6316 (1966), 999 U.N.T.S. 171, Art. 7; and, the European Convention for the Protection of Human Rights and Fundamental Freedoms, 213 U.N.T.S. 222, Art. 3, and by engaging in the conduct alleged, defendants violated those treaties and conventions, and thereby violated the laws of the United States of America, through the Supremacy Clause.

18. By virtue of the violations of the provisions of these treaties, plaintiffs and class members are entitled to declaratory and injunctive relief.

**CLASS ACTION ALLEGATIONS**

19. Plaintiffs are members of a class of persons have been harmed and are being harmed by their placement in custody and retention in custody because they are unable to pay bail. .

20. The class is so numerous that joinder of all members is impracticable, and also, because only defendants know the names of all the members of classes, and are the only persons who have information sufficient to identify all of the

members of classes, it is impracticable to join the members of those classes in these actions.

21. There are common questions of fact and of law with respect to each class, to wit, are they being held unconstitutionally because of their inability to pay bail.

22. The claims made by the representative parties are typical of the claims of each class' claims.

23. The representatives of the class fairly will represent and adequately protect the interests of all class members, and will do so both vigorously and zealously.

24. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the classes, and defendants have acted and refused to act on grounds generally applicable to each class, and class questions predominate with respect to each class.

25. Therefore, these actions are maintainable under F.R. Civ. P. Rule 23(a), (b)(1)(A),(B)(1),(2), and (3).

26. It is impracticable precisely to measure the size of the class, but it is between 14,000 and 17,000.

230. The nature of the notice to be provided to class members is that as an injunctive relief class, no notice is required; or, if required, defendant could be ordered to notify all of his prisoners.

**WHEREFORE**, plaintiffs and class members request relief against each defendant as follows:

1. Declaratory relief, that the pretrial detention of defendants' prisoners who cannot afford to pay bail is unconstitutional;

2. Injunctive relief, ordering the release from defendant's custody all of his prisoners who cannot afford to pay bail;

3. The costs of action;

4. Attorneys' fees; and,

5. Such other relief as is just and proper.

**JURY DEMAND**

Plaintiffs demand trial by jury of all issues.

**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**

**YAGMAN + REICHMANN, LLP**

By: /s/ Joseph Reichmann
**JOSEPH REICHMANN**