UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-2538-DMG (JEMx) | Date | April 15, 2022 |
| Title | *People of Los Angeles County Who Are Being Penally Confined in Pre-Trial Detention Because of and Dependent Upon Their Inability To Pay Bail et al v. Alejandro Villanueva, et al.* | Page | 1 of 1 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER [7]**

On April 15, 2022, Plaintiffs Mark Munoz, Daniel Shannon, and Deondre Smith, on behalf of themselves and all others similarly situated, filed a complaint against Los Angeles County Sheriff Alejandro Villanueva. Compl. [Doc. # 1]. Plaintiffs are pretrial detainees at Los Angeles County Men's Central Jail who assert that Sheriff Villanueva violates their Fourth, Eighth, and Fourteenth Amendment rights by holding them on bail set at a level they cannot afford to post. *Id*. at ¶¶ 1, 10. Plaintiffs filed an *ex parte* application for a temporary restraining order ("EPA") seeking the release of all pretrial detainees who are held in the Los Angeles County Jail solely because they are unable to afford the bail set for them. [Doc. # 7.]

In filing their EPA, Plaintiffs did not comply with Local Rule 7-19 of the United States District Court, Central District of California, which requires that parties applying for an order *ex parte* must make reasonable, good faith efforts to advise opposing counsel of the date and substance of the application, and advise the court in a sworn declaration of such efforts. C.D. Cal. L.R. 7-19, 7-19.1. In fact, it is unclear whether Defendant has even received notice of the EPA, since Plaintiffs' proof of service states the EPA was served on Defendant only by fax.[1] *See* EPA at 15.

The Court therefore **DENIES** the EPA.

**IT IS SO ORDERED.**

---

[1] The proof of service also states defense counsel received notice of the EPA through the Court's CM/ECF system, yet Defendant has not yet entered an appearance through counsel, so defense counsel, whomever that may be, does not yet receive CM/ECF notifications.