PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
150 South Los Robles Avenue, Suite 660
Pasadena, California 91101
Telephone No. (818) 545-1925

Attorneys for Specially Appearing Defendant
Sheriff Alex Villanueva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF LOS ANGELES COUNTY WHO ARE BEING PENALLY CONFINED IN PRE-TRIAL DETENTION BECAUSE OF AND DEPENDENT ON THEIR INABILITY TO PAY BAIL, BY MARK MUNOZ, DANIEL SHANNON, AND DEONDRE SMITH,<br><br>Plaintiffs,<br><br>vs.<br><br>ALEJANDRO VILLANUEVA, and TEN UNKNOWN, NAMED DEFENDANTS, 1-100,<br><br>Defendants. | Case No. 2:22-cv-02538-DMG-JEM<br><br>Honorable Dolly M. Gee<br><br>**SPECIALLY APPEARING DEFENDANT SHERIFF ALEX VILLANUEVA'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Request for Judicial Notice, Evidentiary Objections, and Declarations of Greg Sivard, David Grkinich and Roel Garcia filed concurrently herewith]*<br><br>Date: May 27, 2022<br>Time: 10 a.m.<br>Ctrm.: 8C |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR

ATTORNEYS OF RECORD:

///

///

///

PLEASE TAKE NOTICE that Specially Appearing Defendant Sheriff Alex Villanueva ("Defendant") hereby opposes Plaintiffs' Motion for Preliminary Injunction.[1]

For the reasons stated in the Memorandum of Points and Authorities below, Defendant respectfully requests that the Court deny Plaintiffs' Motion.  This Opposition will be based upon the attached Memorandum of Points and Authorities, the concurrently filed Declarations of Greg Sivard, David Grkinich and Roel Garcia, Evidentiary Objections and Request for Judicial Notice, the pleadings, documents and records on file herein, and upon such other further oral or documentary matters as may be presented at or before the hearing on this Motion.

Dated:  May 6, 2022                         LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Paul B. Beach_____
                Paul B. Beach
                Attorneys for Defendant
                Sheriff Alex Villanueva

---

[1] Defendant has not been served with or responded to the Complaint filed on April 15, 2022 (Doc. # 1).  Defendant, therefore, is specially appearing for the limited purpose of opposing this Motion.

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .................................... 1

1. Introduction .................................................................................. 1

2. Statement of Facts ........................................................................ 3

    a.    Plaintiff Daniel Shannon ............................................... 4

    b.    Plaintiff Mark Munoz .................................................... 4

    c.    Plaintiff Deondre Smith ................................................. 4

3. Plaintiffs Lack Standing Because The Sheriff's Department Never Determined Or Imposed Their Bail Amounts, Thereby Rendering Their Claims Defective As A Matter Of Law ............................................ 5

4. Plaintiffs' Motion Fails To Set Forth Admissible Evidence Required For Its Granting ............................................................................. 6

5. Plaintiffs Have Not Exhausted Their State Remedies Despite Their Demand That This Court Order Their Immediate Release From Physical Custody ............................................................................ 8

6. Plaintiffs' Cursory Legal Argument Fundamentally Misconstrues Recent Case Law Which Did *Not* Address The Use Of Judicially Mandated Bail Schedules At The Pre-Arraignment Stage ....................... 9

7. The Setting Of Bail Is Strictly Controlled And Mandated By California State Law, Including The Required Use Of Uniform County-Wide Judicially Approved Bail Schedules At The Pre-Arraignment Stage ........................................................................ 14

8. Conclusion ................................................................................. 17

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                 **Page(s)**

*Anderson v. United States*,
   612 F.2d 1112 (9th Cir. 1979) ......................................................... 10

*Arevalo v. Hennessy*,
   882 F.3d 763 (9th Cir. 2018) ........................................................ 8-9

*Assoc. of Med. Colls. v. United States*,
   217 F.3d 770 (9th Cir. 2000) ........................................................... 5

*Bates v. United Parcel Serv., Inc.*,
   511 F.3d 974 (9th Cir. 2007) ........................................................ 5-6

*Buffin v. City and County of San Francisco*,
   23 F.4th 951 (9th Cir. 2022) .................................................. 2, 3, 10

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ........................................................................... 5

*County of Los Angeles v. Fin. Cas. & Sur., Inc.*,
   5 Cal.5th 309 (2018) ...................................................................... 15

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006) ......................................................................... 5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*
   (TOC), Inc., 528 U.S. 167 (2000) .................................................... 5

*Galen v. County of Los Angeles*,
   477 F.3d 652 (9th Cir. 2007) ......................................................... 14

*Garcia v. Google, Inc.*,
   786 F.3d 733 (9th Cir. 2015) ......................................................... 10

*Greater L.A. Agency on Deafness v. County of Los Angeles*,
   2016 U.S. Dist. LEXIS 204022 (C.D. Cal. Nov. 22, 2016) ............... 6

*Hernandez v. Sessions*,
   872 F.3d 976 (9th Cir. 2017) ........................................................... 9

ii

*In re Brown*,
   76 Cal.App.5th 296 (2022) ............................................................. 13
*In re Dennis M.*,
   70 Cal.2d 444 (1969) ...................................................................... 14
*In re Humphrey*,
   11 Cal.5th 135 (2021) ........................................................... 2, 10, 11
*In re J.C.*,
   228 Cal.App.4th 1394 (2014) .......................................................... 14
*Lewis v. Cont'l Bank Corp.*,
   494 U.S. 472 (1990) .......................................................................... 5
*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) .......................................................................... 5
*M.R. v. Dreyfus*,
   697 F.3d 706 (9th Cir. 2012) ............................................................. 2
*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
   571 F.3d 873 (9th Cir. 2009) ....................................................... 9, 10
*Martin v. Int'l Olympic Comm.*,
   740 F.2d 670 (9th Cir. 1984) ............................................................. 9
*McFarland v. City of Clovis*,
   163 F.Supp.3d 798 (E.D.Cal. Feb. 16, 2016) ................................... 13
*Picrin-Peron v. Rison*,
   930 F.2d 773 (9th Cir. 1991) ............................................................. 8
*Pimentel v. Dreyfus*,
   670 F.3d 1096 (9th Cir. 2012) ........................................................... 9
*Reem v. Hennessy*,
   2017 U.S. Dist. LEXIS 210430 (N.D. Cal. Dec. 21, 2017) ............... 9
*Rose v. Lundy*,
   455 U.S. 509 (1982) .......................................................................... 8

*Stanley v. Univ. of S. California*,
   13 F.3d 1313 (9th Cir. 1994) ................................................................. 9-10, 10

*Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*,
   240 F.3d 832 (9th Cir. 2001) ............................................................. 9

*Vasquez v. Hillery*,
   474 U.S. 254 (1986) ......................................................................... 8

*Video Software Dealers Ass'n v. Schwarzenegger*,
   556 F.3d 950 (9th Cir. 2009) ........................................................... 14

*Winter v. Natural Resources Defense Council, Inc.*,
   555 U.S. 7 (2008) ............................................................................ 9

*Wolfson v. Brammer*,
   616 F.3d 1045 (9th Cir. 2010) ......................................................... 5

*Young v. Kenny*,
   907 F.2d 874 (9th Cir. 1990) ........................................................... 8

*Zepeda v. INS*,
   753 F.2d 719 (9th Cir. 1985) ........................................................... 2

**<u>Statutes</u>**

18 U.S.C. § 1961-64) ....................................................................... 3

California Penal Code § 1269b ........................................................ 2, 15

California Penal Code § 1269c ........................................................ 16

California Penal Code § 1270.1 ...................................................... 16, 17

California Penal Code § 1270.2 ...................................................... 11, 12

California Penal Code § 1275 ......................................................... 17

**<u>Other</u>**

Article III of the United States Constitution ...................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   Introduction.

In this Motion for Preliminary Injunction ("Motion"), Plaintiffs argue that this Court must order their immediate release from County custody, along with many thousands of other County jail inmates, because their bail amounts were unconstitutionally imposed upon them by the Sheriff's Department.  This Motion should be denied on various grounds but first and foremost, the three Plaintiffs do *not* have standing since their respective bail amounts were *never* determined or imposed by the Sheriff's Department (and Plaintiffs Smith and Shannon are no longer in County custody).[2]

Second, Plaintiffs' Motion is unsupported by evidence, admissible or otherwise, of the most basic material facts.  It provides virtually no information about Plaintiffs, absolutely no information about their criminal proceedings, about whether they engaged in any bail-reduction efforts, how or when their bail determinations were made, or how bail determinations in the Los Angeles Superior Court occur.  Most importantly, Plaintiffs have presented no argument as to how Superior Court bail procedures may or may not comply with the changing law regarding the setting of bail.  Having failed to come anywhere close to satisfying their steep burden for mandatory injunctive relief, Plaintiffs' Motion must be denied.

---

[2] On April 15, 2022, Plaintiffs' first *ex parte* application for a temporary restraining order ("TRO") was denied due to their failure to comply with Local Rule 7-19.  Doc. # 7.  On April 19, 2022, Plaintiffs filed a second *ex parte* application for a TRO.  Doc. # 13.  On April 22, 2022, the Court denied the TRO request and converted that application to this Motion.  Doc. # 18.  The Court also set a briefing schedule, allowing Plaintiffs to file a supplemental brief and evidence, but Plaintiffs did neither.  Thus, the only evidence Plaintiffs have submitted in support of their Motion are their respective three-sentence declarations.  Doc. # 13 at pp. 10-12.

1

Third, despite Plaintiffs' contention that they and the proposed class members are entitled to immediate release from physical custody, Plaintiffs have not alleged, let alone established, that they exhausted their state remedies prior to filing this action.[3]

Fourth, Plaintiffs misguidedly rely on *Buffin v. City and County of San Francisco*, 23 F.4th 951 (9th Cir. 2022) and *In re Humphrey*, 11 Cal.5th 135 (2021) — despite the fact that *Buffin* did ***not*** address in any way the constitutional dimensions of criminal bail proceedings (such as whether criminal courts must consider a defendant's ability to pay in determining bail amounts and other pretrial release conditions) and *Humphrey* only addressed the constitutional parameters of bail-related ***judicial*** proceedings.  Neither the Ninth Circuit nor the California Supreme Court addressed the constitutionality of ***pre-arraignment*** bail amounts set in accordance with statutorily mandated, judicially approved bail schedules.

Fifth, the pre-arraignment setting of bail in the County of Los Angeles in conjunction with the County-wide judicially approved bail schedule is mandated by California state law.  *See* Cal. Pen. Code §§ 1269b *et. seq.*  Furthermore, most people arrested in the County of Los Angeles are never required to post bail, and individuals for whom bail is assigned are afforded a multitude of avenues to secure release from jail on their own recognizance and reductions in their bail amounts,

---

[3] Plaintiffs' demand for the immediate release of many thousands of County jail inmates also cannot be reconciled with the fact that the issuance of class-wide relief prior to the certification of a class is strongly disfavored.  *See M.R. v. Dreyfus*, 697 F.3d 706, 738 (9th Cir. 2012) (citing *Zepeda v. INS*, 753 F.2d 719 (9th Cir. 1985)).  In *Zepeda*, the court held: "Without a properly certified class, a court cannot grant relief on a class-wide basis. . . . This is particularly true when, as here, a preliminary injunction is involved."  *Zepeda*, 753 F.2d at 728 n.1; *see also id.* ("A district court's power to issue a preliminary injunction should not be broader in scope with respect to nonparties than its powers following a full trial on the merits.").

prior to their initial court appearance and thereafter.  *See* Declaration of David Grkinich, ¶¶ 8-21.

Sixth, because Sheriff Villanueva acts on behalf of the State of California in implementing the State's legislatively mandated bail procedures, the instant Motion is improperly brought against Sheriff Villanueva.  *See Buffin*, 23 F.4th at 956 (explaining that the district correctly ruled that the Sheriff acted on behalf of the State when detaining arrestees based on their bail amount prescribed by the Superior Court's bail schedule, and therefore the State is the relevant actor as to such detentions).  The proper party with respect to this claim for mandatory injunctive relief is, therefore, the State of California.

In short, Plaintiffs seek a mandatory preliminary injunction that would basically shut down the criminal justice system in the largest county in the nation, and release thousands of inmates whom judges of the State of California have adjudged should be detained based on serious criminal charges.  Of course, nothing in the law or the evidence supports such an extraordinary request.  Accordingly, Defendant respectfully requests that the Court deny this Motion.[4]

## 2.   <u>Statement of Facts.</u>

The pertinent facts of each Plaintiff's subject criminal proceedings are as follows:

///

///

---

[4] Plaintiffs' wholesale failure to satisfy their burden of proof is compounded by the fact that their Complaint is rife with numerous facial defects.  For example, Plaintiffs make various references to claims under RICO (18 U.S.C. § 1961-64) (*see* Doc. #1 at pp. 2:9-10; 3:6-7; 4:9-10) yet there are no factual assertions in support of said claim, nor a cause of action set forth based thereon.  Plaintiffs also make reference to "their deceased son" without explanation (*see* Doc. #1 at p. 2:27-28).  Plaintiffs also refer to "the LAPD", presumably, the Los Angeles Police Department, without explanation (*see* Doc. #1 at p. 3:12-14).

### a. **Plaintiff Daniel Shannon**

Plaintiff Shannon was arrested by LAPD, taken to court, represented by counsel, and the Superior Court set his bail at $30,000.  The court remanded him to Sheriff's custody.  He was later convicted, sentenced to four years, given credit for time served and ordered to state prison.  *See* Defendant's Request for Judicial Notice ("RJN") Exhibit 1.

### b. **Plaintiff Mark Munoz**

Plaintiff Munoz was arrested by LAPD, taken to court, represented by counsel, and the Superior Court set his bail at $150,000.  The court remanded him to Sheriff's custody.  His proceedings are ongoing.  *See* RJN Exhibit 2.

### c. **Plaintiff Deondre Smith**

Plaintiff Smith had three separate criminal proceedings.  In his first proceeding, Plaintiff Smith failed to appear at arraignment, and the Superior Court entered a bench warrant with a $20,000 bail.  Thereafter, Plaintiff Smith appeared in court, was represented by counsel, the court reset his bail at $30,000, and he was remanded to Sheriff's custody.  Plaintiff Smith was later convicted, sentenced, given credit for time served, and the proceedings concluded.  *See* RJN Exhibit 3.

In his second proceeding, Plaintiff Smith was arrested by the Long Beach Police Department.  Eventually, he was convicted, sentenced, and released on his own recognizance.  Thereafter, the Superior Court entered a no bail bench warrant due to a violation of his probation.  Plaintiff Smith was thereafter resentenced, given credit for time served, and released.  Later, due to Plaintiff Smith's arrest by the Signal Hill Police Department (*see* RJN Exhibit 5), the court reset his bail at $30,000 and remanded him to the Sheriff's custody.  Ultimately, the court reinstated Plaintiff Smith's probation and released him on the case.  *See* RJN Exhibit 4.

In his third proceeding, Plaintiff Smith was arrested by the Signal Hill Police Department, taken to court, represented by counsel, and the Superior Court set his

bail at $75,000.  The court remanded him to the Sheriff's custody.  Later, the court dismissed the matter, and Plaintiff Smith was released on the case.  *See* RJN Exhibit 5.

**3.**     **Plaintiffs Lack Standing Because The Sheriff's Department Never Determined Or Imposed Their Bail Amounts, Thereby Rendering Their Claims Defective As A Matter Of Law.**

Article III of the United States Constitution limits federal court jurisdiction to "actual, ongoing cases or controversies."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  Plaintiffs bear the burden of showing at all times that the Court has subject matter jurisdiction over the subject action.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Assoc. of Med. Colls. v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000) (plaintiff has the burden of establishing the court's subject matter jurisdiction).

Here, Plaintiffs do not have standing due to the absence of either any actionable ongoing injury or any actionable injury that is likely to recur.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).  "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so."  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006).  "A case or controversy must exist at all stages of review, not just at the time the action is filed."  *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010).

For Plaintiffs to prove they have standing, they must show "(1) that it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000); *Bates v. United Parcel Serv., Inc.*, 511 U.S. 974, 985 (9th Cir. 2007)

1   ("The plaintiff must demonstrate that he has suffered or is threatened with a

2   'concrete and particularized' legal harm, coupled with 'a sufficient likelihood that

3   he will again be wronged in a similar way".).

4        In *Greater L.A. Agency on Deafness v. County of Los Angeles*, 2016 U.S.

5   Dist. LEXIS 204022 (C.D. Cal. Nov. 22, 2016), the plaintiffs' injunctive relief

6   and proposed class action challenged the conditions of confinement for hard of

7   hearing inmates in County jail.  The individual plaintiff and proposed class

8   representative, however, was released from County custody after the filing of the

9   first amended complaint, thereby leaving the plaintiffs with no standing.  *Id.* at

10  *10 ("pure speculation that [the plaintiff] may interact with Defendant in the

11  future" and the record is "devoid of any indication that [he] suffered from an

12  injury that is likely to be repeated").

13       The same result is warranted here because the record indisputably

14  establishes that the Sheriff's Department played no role in the setting of

15  Plaintiffs' respective bail amounts.  *See*, RJN at Exs. 1-5.  Their bail amounts

16  were imposed by either the criminal court itself, or through another law

17  enforcement agency.  Moreover, Plaintiffs Shannon and Smith are no longer in

18  County custody.  *See* Sivard Decl., ¶ 5(a) and (b).

19       Thus, because Plaintiffs cannot satisfy the threshold requirement of

20  standing, this Motion should be denied.

21  **4.**     **Plaintiffs' Motion Fails To Set Forth Admissible Evidence Required For**

22           **Its Granting.**

23       Plaintiffs' Motion contains virtually no proof, admissible or not.  All it

24  provides, literally, is the conclusory assertion that Plaintiffs are being held on bail

25  that they have no funds to pay.  *See* Declarations of Plaintiffs Mark Munoz,

26  Shannon Daniel, and Deondre Smith, all at ¶¶ 1-2.  That's it.

27       In denying Plaintiffs' *ex parte* application for a TRO, this Court

28  highlighted several deficiencies with Plaintiffs' evidence, such as:  (1) their

declarations being "at least one month old"; (2) in opposing Defendant's application for a briefing schedule, Plaintiffs provided "only arguments from counsel" about the purported dates of Plaintiffs' declarations; and (3) Plaintiffs' failure to "identify the dates on which Plaintiffs purportedly signed the declarations, nor the dates on which Plaintiffs' counsel received them". (Doc. # 18 at p. 3.) **Because Plaintiffs elected not to submit any supplemental evidence or briefing in response to this Court's offer, the instant record remains woefully inadequate, thereby precluding the entry of mandatory injunctive relief on this ground alone.**[5]

Indeed, nowhere do Plaintiffs provide this Court with competent evidence regarding their criminal proceedings, their bail determinations by the Los Angeles Superior Court, or their economic situations. Most importantly, Plaintiffs have provided no evidence that the state court failed to consider, when setting their bail, their purported inability to post bail and/or whether that fact, if true, should have caused their release from custody. Thus, Plaintiffs have wholly failed to meet their burden to show that their bail determinations did not comply with the law, or their conclusory assertions that they cannot afford to post bail. Thus, based upon their failure to meet their evidentiary showing, their Motion should be denied.

In fact, the actual undisputed evidence is that the Superior Court—not law enforcement—sets bail in the State of California. Moreover, despite the evolving nature of the law governing the setting of bail, the State of California (through its Los Angeles Superior Court), as well as its partners in the local criminal justice system, has gone to extraordinary efforts to respect the right to bail of those with pending criminal charges. *See* Declaration of David Grkinich ¶¶ 8-21.

---

[5] Any new evidence Plaintiffs may submit with their reply should be stricken and disregarded because its consideration would violate the rules of this Court and Defendant's right to due process.

Thus, it could be that bail determinations made by the Superior Court of the County of Los Angeles, a state entity, may not in every circumstance be perfect. However, it is indisputable that those state actors whose responsibilities include determining bail on a case-by-case basis have made concerted efforts to comply with all legal mandates, as they develop.  Clearly, there is absolutely no basis in fact or law for a federal court order to release all inmates in County jail.

**5.** **Plaintiffs Have Not Exhausted Their State Remedies Despite Their Demand That This Court Order Their Immediate Release From Physical Custody.**

Plaintiffs seek a mandatory injunctive relief order commanding their immediate release from physical custody and "all prisoners being held pretrial in the Los Angeles County Jail system, solely because they are unable to afford the bail set for them."  (Doc. # 13 at p. 3:4-6.)  Through their blanket contention, which is not supported by any admissible evidence as to how and by whom their bail was set, Plaintiffs are, in effect, seeking habeas relief.  *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991) (the function of a writ of habeas corpus is "to secure immediate release from illegal physical custody") (citations omitted).

Yet, Plaintiffs have made no effort to seek appropriate relief from any State court – the trial court, Court of Appeal or California Supreme Court.  In order to exhaust one's claims, "the state courts [must have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."  *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)); *see also*, *Young v. Kenny*, 907 F.2d 874, 876 (9th Cir. 1990) ("the exhaustion requirement could be undermined by a section 1983 plaintiff who obtains a federal court's ruling that his sentence is too long").  Indeed, in two recent cases where federal challenges to state criminal bail proceedings were brought, state appellate remedies were thoroughly exhausted prior to the filing of the federal actions.  *See Arevalo v. Hennessy*, 882 F.3d 763,

767 (9th Cir. 2018) (petitioner "properly exhausted his state remedies as to his bail hearing" prior to filing suit); *Reem v. Hennessy*, 2017 U.S. Dist. LEXIS 210430, at *3-5 (N.D. Cal. Dec. 21, 2017) (petitioner sought reduction of $330,000 bail, after having exhausted his state appellate remedies).

Here, state remedies have not been initiated, let alone exhausted, thereby barring the mandatory injunctive relief sought herein.

**6.** **Plaintiffs' Cursory Legal Argument Fundamentally Misconstrues Recent Case Law Which Did *Not* Address The Use Of Judicially Mandated Bail Schedules At The Pre-Arraignment Stage.**

A party seeking injunctive relief must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Where the movant seeks a mandatory injunction—such as in the instant case—injunctive relief is "subject to a higher standard" and is only "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not "doubtful." *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)); *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984) (when a party seeks a mandatory preliminary injunction, "courts should be extremely cautious about issuing a preliminary injunction").

Indeed, the Ninth Circuit has made it clear that mandatory preliminary injunctions are particularly disfavored. *See Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (mandatory injunction "'goes well beyond

simply maintaining the status quo *pendent lite* [and] is particularly disfavored'") (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)); *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 879 (mandatory injunction ordered defendant to stop distributing drug, recall products, and provide restitution).  In such circumstances, the plaintiff's burden is "doubly demanding" (*Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (affirmative action was to remove videos uploaded on to YouTube)), and the plaintiff must prove that the facts and law are clearly in his favor, not just that he is likely to succeed on the merits.  *Stanley*, 13 F.3d at 1320.

Here, Plaintiffs ignore this heightened standard for mandatory injunctions while also blatantly mischaracterizing *Buffin v. City and County of San Francisco*, 23 F.4th 951 (9th Cir. 2022) by stating that *Buffin* "should end this matter" even though *Buffin* did ***not*** address, let alone issue any holding, as to the propriety of applying judicially approved bail schedules at the initial arrest and pre-arraignment stage, as required by controlling State law.  In fact, *Buffin* did not address the use of judicially approved bail schedules at arraignments or any other criminal judicial proceeding.[6]  Thus, *Buffin* has no controlling effect on Plaintiffs' claim for mandatory injunctive relief.

Plaintiffs then declare "there is more" and cite to *In re Humphrey*, 11 Cal.5th 135 (2021).  But *In re Humphrey* addressed the constitutional requirements of a criminal court's determination of bail amount and conditions of

---

[6] In *Buffin*, the Ninth Circuit held that the district court correctly ruled that the State of California was responsible for the payment of the plaintiffs' attorney's fees because the district court had also correctly ruled that the Sheriff of the County of San Francisco acts on behalf of the State in implementing the State's laws on the setting of bail for arrestees at the pre-arraignment stage, in accordance with judicially approved bail schedules.  *See Buffin*, 23 F.4th at 956-57.  Here, an alternative basis for denying Plaintiffs' Motion is due to their failure to join a necessary and indispensable party, the State of California, which is responsible for setting bail for arrestees.

pretrial release; the Court did ***not*** address the setting of pre-arraignment bail in accordance with judicially approved bail schedules and attendant State law.

The *Humphrey* petitioner was arrested for first degree residential robbery and burglary against an elderly victim, and ***at his arraignment***, sought release on his own recognizance. *Id.* at 143-44. The trial court denied the petitioner's request and set bail at $600,000 in accordance with the court's bail schedule. *Id.* at 144. The petitioner then challenged the trial court's ruling by filing a motion for a formal bail hearing pursuant to Penal Code § 1270.2, and the prosecution argued that deviation from the bail schedule required a finding of unusual circumstances. *Id.* at 145. The trial court denied his motion (while reducing his bail to $350,000), without addressing his inability to afford bail and whether nonfinancial conditions of release "could meaningfully address public safety concerns or flight risk." *Id.*

In his petition for writ of habeas corpus, the petitioner challenged the criminal court's reduction of his bail from $600,000 to $350,000 on the ground that setting bail at an amount he could not pay was equivalent to a pretrial detention order which was not justified by a compelling governmental interest. *Id.* at 145-46. The Attorney General agreed that the criminal court should have considered the petitioner's ability to pay or alternative methods of ensuring appearance at trial. *Id.* at 146.

The Court of Appeal ordered a new bail reduction hearing, and on remand, the trial court ordered the petitioner released on various nonfinancial conditions, and subsequently, the California Supreme Court granted review on their own motion "to address the constitutionality of money bail as currently used in California as well as the proper role of public and victim safety in making bail determinations." *Id.* at 147.

///

Before the California Supreme Court, the petitioner, joined by the Attorney General, argued that "[n]o person should lose the right to liberty simply because that person can't afford to post bail." *Id.* at 142. The Court noted that the trial court on two occasions did not consider the petitioner's ability to pay in setting bail amounts that he could not afford to pay. *Id.* at 148. The Court also noted that neither it nor the United States Supreme Court had "yet held that a ***judge must consider*** what an arrestee can pay when fixing the amount of money bail." *Id.* at 149 (emphasis added). The Court held that principles of equal protection and substantive due process converge, and that the "accused retains a fundamental constitutional right to liberty" and that the government's interest "is not to punish—it is to ensure the defendant appears at court proceedings and to protect the victim …." *Id.* at 150.

Furthermore, if a trial court does not consider the arrestee's ability to pay, "it cannot know whether requiring money bail in a particular amount is likely to operate as the functional equivalent of a pretrial detention order." *Id.* at 151. Accordingly, the Court held that pretrial detention "is impermissible unless no less restrictive conditions of release can adequately vindicate the state's compelling interests." *Id.* at 151-52. Moreover, "***courts must consider an arrestee's ability*** to pay alongside the efficacy of less restrictive alternatives ***when setting bail***", and "[w]hen making any bail determination, a superior ***court must undertake an individualized consideration*** of the relevant factors." *Id.* at 152 (emphasis added). The Court further held that the trial court cannot order an arrestee to be detained "based on concerns regarding the safety of the public or the victim, unless the court has first found clear and convincing evidence that no other conditions of release could reasonably protect those interests." *Id.* at 153.

Significantly, the Court did not hold or suggest that the balancing of these individualized factors in the bail context, with respect to each arrestee, must be performed in any manner by the arresting or custodial agency—which is bound

by the judicially approved uniform bail schedule under State law.  Moreover, the Court did not declare unconstitutional any specific California statute relating to the State's bail system, let alone question the legal validity of any statute. Instead, the Court's constitutional analysis and holding was exclusively limited to the duties of the criminal trial court when determining the amount of an arrestee's bail amount, if any, and the conditions of pretrial release.

Without any explanation, Plaintiffs also cite *In re Brown*, 76 Cal.App.5th 296 (2022).  In *Brown*, the Court of Appeal held that under *In re Humphrey*, the trial court erred by denying the criminal defendant's motion to reduce his $2.45 million bail.  The Court further held that the trial court must hold a new hearing to "consider nonmonetary alternatives to money bail, determine Brown's ability to afford the amount of money bail … and follow the procedures and make the findings necessary for a valid order of detention if no conditions for pretrial release will adequately protect the government's interests in the safety of potential victims and the public generally or the integrity of the criminal proceedings." *Id.* at 299.  The Court did not suggest in any way that these factors must be considered in conjunction with pre-arraignment bail set pursuant to judicially approved bail schedules.  *See also, McFarland v. City of Clovis*, 163 F.Supp.3d 798, 805 (E.D.Cal. Feb. 16, 2016) (where the plaintiff was arrested and booked, then housed at the Fresno County jail for two days after bail was set for $20,000, the Court explained, "In and of itself, following the bail schedule of the Fresno County Superior Court does not appear improper.").

Thus, Plaintiffs' blanket declaration about the purported implications of these cases does not withstand even minimal scrutiny.

///

///

///

///

13

7.      **The Setting Of Bail Is Strictly Controlled And Mandated By California State Law, Including The Required Use Of Uniform County-Wide Judicially Approved Bail Schedules At The Pre-Arraignment Stage.**

California's extensive statutory framework governing its state-wide bail system indisputably mandates the use of judicially approved bail schedules at the pre-arraignment stage.  *See Galen v. County of Los Angeles*, 477 F.3d 652, 660, 692 (9th Cir. 2007) ("In California, bail determinations are regulated by a comprehensive statutory scheme.").  State statutes are presumed to be constitutional and "should be construed to uphold their constitutionality unless the opposite 'clearly, positively and unmistakably appears.'" *In re J.C.*, 228 Cal.App.4th 1394, 1400-01 (2014) (quoting *In re Dennis M.*, 70 Cal.2d 444, 453 (1969)); *Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 956 (9th Cir. 2009) ("Under California law, there is a general presumption in favor [of] a statute's constitutionality.").

Here, Plaintiffs simply ignore California's extensive statutory scheme governing the required involvement of the judiciary in the establishment of uniform county-wide bail schedules and the mandatory judicial proceedings in cases where arrestees are released on bail amounts which differ from the uniform bail schedule, and numerous other mandatory components of the State's bail system.  The California Penal Code statutes listed below clearly illustrate the judicially controlled and driven nature of the State bail system, which cannot be reconciled with Plaintiffs' Motion for an order "commanding their release … as well as the release of all prisoners being held pretrial in the Los Angeles County Jail system, solely because they are unable to afford the bail set for them."  Doc. # 13 at p. 3:4-6:

///

///

///

14

| Statute | Text |
|---|---|
| Penal Code § 1269b[7] | (b) If a defendant has appeared before a judge of the court on the charge contained in the complaint, indictment, or information, ***the bail shall be in the amount fixed by the judge at the time of the appearance***. ***If that appearance has not been made,*** the bail shall be in the amount fixed in the warrant of arrest or, if no warrant of arrest has been issued, ***the amount of bail shall be pursuant to the uniform countywide schedule of bail for the county in which the defendant is required to appear***, previously fixed and approved as provided in subdivisions (c) and (d). (c) ***It is the duty of the superior court judges in each county to prepare, adopt, and annually revise a uniform countywide schedule of bail*** for all bailable felony offenses and for all misdemeanor and infraction offenses except Vehicle Code infractions. …" (e) In adopting a ***uniform countywide schedule of bail for all bailable felony offenses*** the judges shall consider the seriousness of the offense charged…. (f) The ***countywide bail schedule shall contain a list of the offenses and the amounts of bail*** applicable for each as the judges determine to be appropriate. If the schedule does not list all offenses specifically, it shall contain a general clause for designated amounts of bail as the judges of the county determine to be appropriate for all the offenses not specifically listed |

---

[7] *See County of Los Angeles v. Fin. Cas. & Sur., Inc.*, 5 Cal.5th 309, 315 (2018) (explaining that Penal Code § 1269b(a) "offers an arrested person held in custody—one ***who has not yet been arraigned***—an expeditious process by which specified jail personnel, an authorized sheriff's or police department employee, or a court clerk may accept bail (in an ***amount previously fixed*** by warrant of arrest or ***countywide bail schedule***); issue an order for the arrested person's release; and set a time and place for the next appearance, which is often the arraignment hearing") (emphasis added).

| | | in the schedule. ***A copy of the countywide bail schedule shall be sent to the officer in charge of the county jail, to the officer in charge of each city jail within the county***, to each superior court judge and commissioner in the county, and to the Judicial Council. … |
|---|---|---|
| | Penal Code § 1269c | "… Except where the defendant is charged with an offense listed in subdivision (a) of Section 1270.1, the defendant, either personally or through his or her attorney, friend, or family member, also ***may make application to the magistrate for release on bail lower than that provided in the schedule of bail*** or on his or her own recognizance…." |
| | Penal Code § 1270.1(a) | "Except as provided in subdivision (e), before a person who is arrested for any of the following crimes may be released on bail in an ***amount that is either more or less than the amount contained in the schedule of bail for the offense***, or may be released on the person's own recognizance, ***a hearing shall be held in open court*** before the magistrate or judge …" |
| | Penal Code § 1270.1(c) | "At the hearing, the court shall consider evidence of past court appearances of the detained person, the maximum potential sentence that could be imposed, and the danger that may be posed to other persons if the detained person is released. In making the determination whether to release the detained person on their own recognizance, the court shall consider the potential danger to other persons, including threats that have been made by the detained person and any past acts of violence. ***The court shall also consider any evidence offered by the detained person*** regarding the detained person's ties to the community and ***ability to post bond***." |
| | Penal Code § 1270.1(d) | "If the ***judge or magistrate sets the bail in an amount that is either more or less than the amount contained in the schedule of bail*** for the offense, the judge or magistrate shall state the reasons for that decision and shall address the issue of threats made against the victim or witness, if they were made, in the record. This statement shall be included in the record." |

16

| Penal Code § 1275(a)(1) | "… In ***setting, reducing, or denying bail, a judge or magistrate shall take into consideration*** the protection of the public, the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of his or her appearing at trial or at a hearing of the case. The public safety shall be the primary consideration. …" |
|---|---|

Thus, Plaintiffs have not and cannot demonstrate that the setting of pre-arraignment bail in conjunction with judicially approved bail schedules mandates mandatory injunctive relief on any ground.

**8.    Conclusion.**

For the aforementioned reasons, Defendant respectfully requests that Plaintiffs' Motion for Preliminary Injunction be denied.

Dated:  May 6, 2022                    LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Paul B. Beach_____
          Paul B. Beach
          Attorneys for Defendant
          Sheriff Alex Villanueva