UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-2538-DMG (JEMx) | Date | May 27, 2022 |
|---|---|---|---|
| Title | *People of Los Angeles County Who Are Being Penally Confined in Pre-Trial Detention Because of and Dependent Upon Their Inability To Pay Bail, et al. v. Alejandro Villanueva, et al.* | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [13]**

## I.
## BACKGROUND

On April 15, 2022, Plaintiffs Mark Munoz, Daniel Shannon, and Deondre Smith, on behalf of themselves and all others similarly situated, filed a complaint against Los Angeles County Sheriff Alex Villanueva. Compl. [Doc. # 1].[1] Plaintiffs assert claims under 42 U.S.C. section 1983 for violation of their Fourth, Eighth, and Fourteenth Amendment rights and for violation of international law. Before the Court is Plaintiffs' *ex parte* application for a temporary restraining order ("TRO"), which the Court converted to a motion for a preliminary injunction ("MPI"). [*See* Doc. ## 13 (MPI), 18.] Plaintiffs contend that their detention before trial on bail they cannot afford is unconstitutional, and seek an injunction releasing all pretrial detainees who are held solely because they cannot afford to pay bail. *See* MPI at 3.[2]

In its Order converting the TRO to an MPI, the Court gave Plaintiffs an opportunity to file a supplemental brief and additional evidence in support of the MPI, but Plaintiffs did not do so. The MPI is now fully briefed.[3] [*See* Doc. ## 22 ("Opp."), 27 ("Reply").]

---

[1] Plaintiffs subsequently filed a First Amended Complaint ("FAC") removing Smith and adding six new named plaintiffs. [*See* Doc. # 28.] The FAC also adds a proposed defendant class consisting of the Sheriffs of all other counties in California except San Francisco. *See id.* at ¶ 35. The claims in the FAC are the same as in the original Complaint, and the FAC does not alter the Court's reasoning here.

[2] Page citations herein refer to the page numbers inserted by the CM/ECF system.

[3] Defendants had not been served with the Complaint as of the time they filed their opposition to the MPI and therefore make a special appearance for the limited purpose of opposing the MPI.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-2538-DMG (JEMx)** | Date | May 27, 2022 |
|---|---|---|---|
| Title | *People of Los Angeles County Who Are Being Penally Confined in Pre-Trial Detention Because of and Dependent Upon Their Inability To Pay Bail, et al. v. Alejandro Villanueva, et al.* | Page | 2 of 7 |

Having duly considered the parties' written submissions, Plaintiffs' MPI is **DENIED**.

## II.
## LEGAL STANDARD

Litigants seeking interim injunctive relief must show that: (1) they are likely to succeed on the merits of their claim; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). Preliminary injunctive relief is also appropriate when a plaintiff raises "serious questions going to the merits," demonstrates that "the balance of hardships tips sharply in the plaintiff's favor," and "shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quoting *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)). An injunction is "an extraordinary remedy that may only awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Plaintiffs seeking a mandatory, as opposed to a prohibitory, injunction, must carry a "doubly demanding burden." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (*en banc*). They must demonstrate "that the law and facts *clearly favor* [their] position, not simply that [they are] likely to succeed." *Id.* In the Ninth Circuit, mandatory injunctions are "particularly disfavored." *Stanley v. Univ. of So. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).

## III.
## DISCUSSION

**A.    Setting Bail Under California Law**

The Ninth Circuit has explained that

> Under [California] law, bail is set in one of the following three ways: (1) if the defendant has had his first hearing, bail is set at the "amount fixed by the judge" at that hearing; (2) if the defendant has not had his first hearing, but was arrested pursuant to an arrest warrant, bail is set at "the amount fixed in the warrant of arrest"; or (3) if the defendant has not had his first hearing and was not arrested

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-2538-DMG (JEMx)** | Date | May 27, 2022 |
| Title | *People of Los Angeles County Who Are Being Penally Confined in Pre-Trial Detention Because of and Dependent Upon Their Inability To Pay Bail, et al. v. Alejandro Villanueva, et al.* | Page | 3 of 7 |

pursuant to an arrest warrant, bail is set by the sheriff at the amount dictated in a "uniform countywide schedule of bail."

*Buffin v. California*, 23 F.4th 951, 954–55 (9th Cir. 2022) (quoting Cal. Penal Code § 1269b(b)). Plaintiffs point to two federal cases discussing the third method, and two California cases discussing the first method, and argue that the holdings in these cases "should end this matter." *See* MPI at 4.

One federal case upon which Plaintiffs relies holds that setting bail using the third method prescribed by Penal Code Section 1269b(b) law is unconstitutional. The uniform countywide schedule of bail is set by the Superior Court judges in each county. *See* Cal. Penal Code § 1269b(c), (d). In *Buffin v. City and County of San Francisco*, No. CV 15-4959-YGR, a district court in this circuit found that use by the Sheriff of the City and County of San Francisco of the County's bail schedule to set bail before arraignment deprived pretrial detainees of their rights by conditioning their right to pre-arraignment release solely on their ability to pay. *Buffin v. City and Cnty. of San Francisco,* 2019 WL 1017537 (N.D. Cal. Mar. 4, 2019). After the court granted summary judgment in favor of the plaintiffs, the parties stipulated to an injunction prohibiting the Sheriff from using the bail schedule or a different system "that requires or has as its effect that the existence and duration of pre-arraignment detention is determined by an arrestee's ability to pay." *See Buffin v. City and Cnty. of San Francisco*, No. CV 15-4959-YGR (N.D. Cal. Sep. 3, 2019) [Doc. # 372]. In *Buffin v. California*, the Ninth Circuit affirmed the district court's order requiring the State of California to pay the plaintiffs' attorney's fees because the Sheriff had acted on the state's behalf in enforcing the bail schedule. The parties did not appeal the district court's order concluding the County's use of the bail schedule was unconstitutional, so the Ninth Circuit did not consider that question. *See* 23 F.4th at 957.[4]

California courts have also recently considered whether, as applied, the first method of setting bail comports with the Constitution. In *In re Humphrey*, the California Supreme Court reasoned broadly that "the common practice of conditioning freedom solely on whether an arrestee can afford bail is unconstitutional." *In re Humphrey*, 11 Cal. 5th 135, 143 (2021). The Court held, however, that pretrial detention "is impermissible unless no less restrictive conditions of release can adequately vindicate the state's compelling interests." *Id*. at 151-52. Under

---

[4] Plaintiffs contend the Ninth Circuit "necessarily approved" of the district court's injunction in *Buffin*. This contention is not supported by the Ninth Circuit's opinion in *Buffin* because the merits of the District Court's order on the merits was not the subject of the appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-2538-DMG (JEMx)** | Date | May 27, 2022 |
|---|---|---|---|
| Title | *People of Los Angeles County Who Are Being Penally Confined in Pre-Trial Detention Because of and Dependent Upon Their Inability To Pay Bail, et al. v. Alejandro Villanueva, et al.* | Page | 4 of 7 |

*Humphrey*, a trial court may order an arrestee detained pending trial only if the trial court has determined either that an arrestee has the ability to pay the bail the court sets *or* that clear and convincing evidence shows there is no alternative less restrictive than detention to vindicate the state's interest in "protect[ing] victim or public safety [. . .] or ensur[ing] the defendant's appearance." *Id*. at 156. In the final case cited by Plaintiffs, *In re Brown*, the California Court of Appeal held that the trial court had violated *Humphrey* by setting a bail higher than the defendant could afford without considering less restrictive alternatives. *See In re Brown*, 76 Cal. App. 5th 296, 306-07 (2022). The petitioners in both *Humphrey* and *Brown* sought review of bail set by a judge using the first method prescribed by Penal Code Section 1269b(b).

**B.      Plaintiffs' Likelihood of Success on the Merits**

It is Plaintiffs' burden to show they are likely to succeed on the merits. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1158 (9th Cir. 2007). Here, Plaintiffs have not met their burden. "Because Plaintiffs seek a mandatory injunction, they must establish that the law and facts *clearly favor* their position, not simply that they are likely to succeed." *LA All. for Hum. Rts. v. Cnty. of Los Angeles*, 14 F.4th 947, 956 (9th Cir. 2021) (quoting *Garcia* , 786 F.3d at 740) (emphasis in *Garcia*). Three cases cited by Plaintiffs—the district court decision in *Buffin*, and *Humphrey* and *Brown*—support the proposition that imposing cash bail that detainees are unable to pay may be unconstitutional under certain circumstances, but these cases make clear that this is a fact-intensive issue. Plaintiffs here have submitted only three pieces of evidence: declarations from three pretrial detainees, asserting they are held pending criminal trials at Men's Central Jail in Los Angeles County and have no funds to pay any bail at all. *See* Munoz Decl., ¶¶ 1-2 [Doc. # 13 at 10], Daniel Decl. ¶¶ 1-2 [Doc. # 13 at 11], Smith Decl. ¶¶ 1-2 [Doc. # 13 at 12].[5] Although the Court declines to strike these declarations, the declarations do

---

[5] Villanueva objects to each paragraph of Plaintiffs' evidence on the basis that the declarations lack foundation, are hearsay, and are vague and conclusory, and ask the Court to strike the declarations. *See* Defs.' Evid. Obj. [Doc. # 24]. The three declarations submitted by Plaintiffs are signed under penalty of perjury and state facts obviously within the personal knowledge of the declarants (the amount of their bail, the fact that they are being held pending criminal trials, and their lack of funds to pay bail). The declarations do not lack foundation, and they do not contain hearsay. Moreover, while the declarations are spare, they contain simple statements of fact that are not excessively vague or conclusory. Villanueva's evidentiary objections are therefore **OVERRULED**. Paragraph 3 of the Daniel Declaration and paragraph 3 of the Smith Declaration do contain, however, inaccurate statements (*i.e.*, that the declarant has submitted a request to proceed *in forma pauperis*), which are clearly contradicted by the court docket. The Court therefore **GRANTS** Villanueva's request to strike those paragraphs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-2538-DMG (JEMx)** | Date | May 27, 2022 |
| Title | *People of Los Angeles County Who Are Being Penally Confined in Pre-Trial Detention Because of and Dependent Upon Their Inability To Pay Bail, et al. v. Alejandro Villanueva, et al.* | Page | 5 of 7 |

not suffice on their own to show Villanueva has violated the declarants' rights, let alone those of thousands of other pretrial detainees in Los Angeles County.

Plaintiffs' declarations do not say whether the declarants' bail was first set by a judge or the bail schedule. The evidence provided by Villanueva shows that Smith, Shannon, and Munoz have now had arraignment hearings and that their most recent bail was set by the Superior Court. *See* Sivard Decl. ¶ 5 [Doc. # 23]. Based on Plaintiffs' submissions, it is difficult to tell whether Plaintiffs assert their pre-arraignment or post-arraignment detention is unconstitutional. In either case, Plaintiffs would need to make an additional evidentiary showing to demonstrate they are entitled to an injunction under either the reasoning in *Buffin* or the reasoning in *Humphrey*. But the declarants do not provide any detail that might show whether their inability to pay is the sole reason for detention, rather than, for example, any individualized concern for non-appearance or victim or public safety. Indeed, Villanueva's evidence shows that Smith, who was released on April 22, 2022, was subject to a "no bail" probation violation hold. *See* Sivard Decl. ¶ 5(A); *see also id.*, Ex. A at 20 [Doc. # 23-1]. Smith was therefore apparently ineligible for bail, even if he had been able to pay it.

Moreover, Villanueva has introduced evidence regarding Los Angeles County's procedures for setting bail, and that evidence indicates that the County's pre-arraignment procedures differ substantially from those before the district court in *Buffin*. The County currently operates pursuant to the Superior Court's Emergency Bail Schedule Order, issued in response to the COVID-19 pandemic, which sets the bail for many offenses at $0 and provides that bail for other offenses will be set "within the discretion of the bench officer" using the 2020 Bail Schedule as a guide. *See* Grkinich Decl. ¶ 11; *see also id.*, Ex. F. Even before the implementation of the Emergency Bail Schedule Order, the County had implemented a Pretrial Risk Evaluation Program, under which new eligible arrestees are evaluated for pre-arraignment release by a duty magistrate judge "approximately four hours after booking." Grkinich Decl. ¶ 15. Arrestees who are not released before arraignment are interviewed by the County Probation Department to be evaluated for potential release by the arraignment judge. *Id*. Arrestees may also request to participate in the Bail Deviation Program, which uses a risk assessment tool to make recommendations to a judicial officer, who may then act on the request to deviate from the bail schedule. *Id*. at ¶ 17. The Bail Deviation Program operates 24 hours a day. *Id*. at ¶ 9. The Bureau Chief of the County Probation Department asserts that "with few exceptions, people confined at the Los Angeles County jails are being held as a result of a remand order by the Superior Court, *after* they and their counsel have appeared before a state judicial officer, where they would have had the opportunity" to address whether they could afford the bail set. *Id*. at ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-2538-DMG (JEMx)** | Date | May 27, 2022 |
| Title | *People of Los Angeles County Who Are Being Penally Confined in Pre-Trial Detention Because of and Dependent Upon Their Inability To Pay Bail, et al. v. Alejandro Villanueva, et al.* | Page | 6 of 7 |

21 (emphasis in original). Plaintiffs do not address Los Angeles County's procedures at all, deeming them irrelevant because they have established that they do not have the ability to pay bail. Absent a more well-developed evidentiary record, that is an oversimplification of the law, even under the cases upon which Plaintiffs rely.

The Court therefore concludes that Plaintiffs have not met their heavy burden to show the law and facts "clearly favor" their position. Because Plaintiffs have not adduced sufficient evidence or arguments to show a likelihood of success on the merits warranting the issuance of a mandatory injunction on behalf of Plaintiffs, let alone thousands of other putative class members, the Court does not address the other *Winter* elements. *See Garcia*, 786 F.3d at 740 (no need to consider other elements without threshold showing of likelihood of success).

**C.     Standing**

Because the Court denies Plaintiffs' MPI, the Court need not address most of the other contentions raised in Villanueva's Opposition. The Court will address, however, Villanueva's standing arguments, to satisfy the Court's "independent obligation to police [its] own subject matter jurisdiction." *Animal Legal Def. Fund v. United States Dep't of Agric.*, 935 F.3d 858, 866 (9th Cir. 2019) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009)).

Villanueva contends Munoz, Smith, and Shannon lack standing because Smith and Shannon are no longer in County custody, and therefore lack standing to seek injunctive relief. Generally, to have standing to seek an injunction, there must be a chance that the plaintiff will face the complained-of conduct in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105–106 (1983). There is no dispute that Munoz is still in County custody, and therefore no real dispute that he has standing to seek injunctive relief on behalf of the proposed class.[6]

---

[6] The United States Supreme Court has also repeatedly found that challenges to pretrial detention procedures brought on behalf of a proposed class are among the types of claims that are capable of repetition, yet evade review, and therefore may proceed even if the named plaintiff's claim becomes moot before a class is certified. *See, e.g., Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (citing *Gerstein v. Pugh*, 420 U.S. 103, 111 n.11 (1975)); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 76 (2013) (explaining that the Court has developed this exception because in "class action[s] challenging the constitutionality of temporary pretrial detentions [. . .] the named plaintiff would face the considerable challenge of preserving his individual claim from mootness, since pretrial custody likely would end prior to the resolution of his claim") (citing *Gerstein*, 420 U.S. at 111 n.11, and *McLaughlin*, 500 U.S. at 52). While the factual record regarding the duration of pretrial detention in Los Angeles County is not well-developed here, this appears to be such a case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-2538-DMG (JEMx) | | Date | May 27, 2022 | |
|---|---|---|---|---|---|
| Title | *People of Los Angeles County Who Are Being Penally Confined in Pre-Trial Detention Because of and Dependent Upon Their Inability To Pay Bail, et al. v. Alejandro Villanueva, et al.* | | Page | 7 of 7 | |

Because Munoz has standing to proceed, the Court need not consider Villanueva's argument that Shannon lacks standing.[7] *See Nat'l Ass'n of Optometrists & Opticians LensCrafters, Inc. v. Brown*, 567 F.3d 521, 523 (9th Cir. 2009) ("As a general rule, in an injunctive case this court need not address standing of each plaintiff if it concludes that one plaintiff has standing.").

### IV.
### CONCLUSION

In light of the foregoing, Plaintiffs' MPI is respectfully **DENIED**.

**IT IS SO ORDERED.**

---

[7] Plaintiffs filed their FAC, which drops Smith as a named plaintiff, after Villanueva filed his Opposition.