STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PEOPLE OF LOS ANGELES COUNTY WHO ARE BEING PENALLY CONFINED IN PRE-TRIAL DETENTION BECAUSE OF AND DEPENDENT ON THEIR INABILITY TO PAY BAIL, BY MARK MUNOZ, DANIEL SHANNON, AND DEONDRE SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO VILLANUEVA, and TEN UNKNOWN, NAMED DEFENDANTS, 1-100,<br><br>Defendants. | 2:22-cv-02538-DMG<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION TO PROHIBIT AND TO PREVENT THE CONTINUED PRETRIAL INCARCERATION OF PRETRIAL DETAINEES WHO CANNOT AFFORD TO PAY BAIL, AND WHO HAVE NOT BEEN FOUND EITHER TO BE A DANGER TO THE COMMUNITY IF RELEASED OR A FLIGHT RISK**<br><br>August 5, 2022<br>9:30 a.m.<br>Courtroom 8C<br><br>Judge Dolly M. Gee |

**PLEASE TAKE NOTICE** that plaintiffs on their own behalves and on behalf of putative class members move to the court to declare the unconstitutionality, under the United States Constitution, of defendants' continued pretrial incarceration of plaintiffs and class member pretrial detainees, who cannot afford to pay the bail set for their release, and with respect to whom no

1  determination has been made that they either (1) pose a flight risk were they to be
2  released or (2) pose a danger to the community, were they to be released.

3        The L.R. 7-3 meet and confer was held on or about June 21, 2022, and the
4  issues presented were not resolved.

6                    YAGMAN + REICHMANN, LLP

7             By: _____

8                    STEPHEN YAGMAN

28  //

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2   Plaintiffs on their own behalves and on behalf of the putative class members
3   submit this memorandum of points and authorities (and the plaintiffs' and a number
4   of putative class members' declarations, submitted concurrently herewith) in
5   support of plaintiffs' motion for a prohibitory, preliminary injunction, not ordering
6   defendant to do anything at all, but simply prohibiting defendant from continuing
7   to detain in his pretrial custody any detainee who cannot afford to pay the bail
8   amount set for him (by whomever, or by whichever manner) and who defendant
9   cannot show is being held either because he poses a flight risk or a danger to the
10  community, were he to be released.

## I.
## INTRODUCTION

13  Plaintiffs and putative class members are persons who are held in pretrial
14  detention by defendants solely because they are unable to pay the bail set for them.
15  *See* numerous declarations submitted concurrently herewith, and attached hereto.

### a. The test on preliminary injunctions.

17  The test on preliminary injunctions most recently was stated by the Ninth
18  Circuit in *Where Do We Go Berkeley v. Cal. Dep't of Transportation*, 32 F.4th 852,
19  859 (9th Cir. Apl. 27, 2022), in which the court held as follows:

> The Supreme Court has explained that plaintiffs seeking a preliminary
> injunction must establish that (1) they are likely to succeed on the merits, (2)
> they are likely to suffer irreparable harm absent preliminary relief, (3) the
> balance of equities tips in their favor, and (4) an injunction is in the public
> interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct.
> 365, 172 L.Ed.2d 249 (2008). We employ a "sliding scale test," which
> allows a strong showing on the balance of hardships to compensate for a
> lesser showing of likelihood of success. *All. for the Wild Rockies v. Cottrell*,
> 632 F.3d 1127, 1134–35 (9th Cir. 2011). Thus, when plaintiffs establish that
> the balance of hardships tips sharply in their favor, there is a likelihood of
> irreparable injury, and the injunction is in the public interest, they need only
> show "serious questions" on the merits. *Id.* at 1135.

3

(Footnote omitted.) Plaintiffs stress that they do not seek a mandatory injunction, to require conduct, but seek only a prohibitory injunction, to prohibit conduct -- to wit, retaining plaintiffs and putative class members in pretrial detention. As is shown below, plaintiffs fully have satisfied all four (actually three) of the criteria set forth (as criteria (3) and (4) merge when a defendant is the government).

## II.
## DEFENDANT'S CONDUCT IS UNCONSTITUTIONAL.

Like *Les Misérables*, in 1862, in which Victor Hugo examined the nature of law and grace, and urban design, so too does this action address the fate of the poor who are Los Angeles County Jail prisoners, solely because they are unable to make bail, because they are poor. Any pretrial detainee who can make bail makes it and is not in custody.

In his dissent in *James v. Valtierra*, 402 U.S. 137, 144-45 (1971), Justice Marshall, joined by Justics Brennan and Blackmum, stated that "[i]t [the law in issue] is an explicit classification on the basis of poverty--a suspect classification which demands exacting judicial scrutiny[,] . . . [because it] may affect the poor more harshly than it does the rich." (Citing *Douglas v. California*, 372 U.S. 353, 361 (1973) (Harlan, J., dissenting). In as many words, majority dispositions of the Court held the same thing. *See McDonald v. Bd. of Election Commissioners*, 394 U.S. 802, 807 (1969) ("a careful examination on our part is especially warranted where lines are drawn on the basis of wealth"); *Harper v. Va. Bd. of Elections*, 383 U.S. 663, 667 (1966) ("We conclude that a State violates the Equal Protection Clause of the Fourteenth Amendment whenever it makes . . .affluence . . . a[] . . . standard."); *Douglas v. California*, 372 U.S. 353, 358 (1973) ("equality [is] demanded by the Fourteenth Amendment where the rich man . . . enjoys the benefit . . . while the indigent . . . is forced to shift for himself.").

Holding plaintiffs and class members as pretrial detainees solely because they are poor and cannot afford to pay bail is unconstitutional.

In *Buffin v. City and County of San Francisco*, 23 F.4th 951 (9th Cir. 2022), the court held that "the district court enjoined the [San Francisco County] Sheriff[] . . . from enforcing the bail schedule and any other state bail determination that makes the existence or duration of pre-trial detention dependent on the detainee's ability to pay . . . ." *Id.* at 954. This of the lower court's findings here should be followed; and, there is no legitimate reason for it not to be followed.

In the underlying, district court case, the court held that "the Sheriff's use of the Bail Schedule significantly deprives plaintiffs of their fundamental right to liberty[,] . . . [and o]perational efficiency based upon a bail schedule which arbitrarily assigns bail amounts to a list of offenses without regard to any risk factors or the governmental goal of ensuring future court appearances is insufficient to justify a significant deprivation of liberty[,] . . . [so that] the Court will issue an injunction enjoining the Sheriff from using the Bail Schedule as a means of releasing a detainee who cannot afford the amount [or bail] . . . ." *Buffin v. City and County of San Francisco*, 2019 WL 1017537, * 24 (N.D.Cal. 2019). Notably, a mandatory injunction was granted, and not a prohibitory injunction, so that plaintiffs' burden here is less than was the plaintiffs' burden in *Buffin*. In *Buffin* the defendant sheriff acted sensibly in consenting to the decree, but not so here.

### III.
### BOTH DECLARATORY AND INJUNCTIVE RELIEF ARE WARRANTED.
### A. DECLARATORY RELIEF

"In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party[,] . . . [and a]ny such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201.  Moreover, "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted after reasonable

notice and hearing, against any adverse party whose rights have been determined by such judgment[,]" 28 U.S.C. § 2202, which here there will have been.

Here, based on the foregoing, plaintiffs are entitled to the declaratory relief that their and class members' pretrial detentions are unconstitutional, both on its face, and as applied, and to a prohibitory, preliminary injunction should issue.

## B. PRELIMINARY INJUNCTIVE RELIEF.

A plaintiff seeking preliminary injunctive relief "must establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Alternatively, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation omitted).

A "serious question" is one on which the movant "has a fair chance of success on the merits." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984). As a prerequisite to the *Winter* factors, a plaintiff must have standing to seek injunctive relief. *See Allen v. Wright*, 468 U.S. 737, 750-51 (1984). A plaintiff must "demonstrate a personal stake in the outcome" in order to establish federal jurisdiction. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Here, this court previously sustained plaintiff Munoz' standing. *Peo. of Los Angeles County Who Are Being Penally Confined In Pre-Trial Detention Because Of And Dependent Upon Their Inability To Pay Bail, etc. v. Villanueva*, 2022 WL 2189647, *4 (C.D. Cal. 05/27/2022).

"A plaintiff seeking a preliminary injunction must establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable

harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982). Plaintiffs are likely to succeed on the merits, *see supra*, plaintiffs are likely to suffer irreparable harm in that plaintiffs will are being deprived and continue to be deprived, unconstitutionally, of their freedom and liberty, based on their poverty.

The balances of equities tips decidedly in plaintiffs' favor and against defendants, and clearly a prohibitory, preliminary injunction is in the public interest, because it always is in the public's interest to have government act constitutionally and lawfully, and to treat all citizens, both rich and poor, equally, and not based on wealth or poverty.

In the Ninth Circuit, a party may obtain injunctive relief in the form of a TRO or a preliminary injunction by satisfying one of two, alternative tests.

The traditional test requires that there be "(1) a strong likelihood[1] of success on the merits [as here there is], (2) the likelihood of irreparable injury to plaintiff if the preliminary relief is not granted [as here there is], (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest[.]" *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). The public interest is the most important factor, and it would be irreparably harmed were the plaintiffs class members to continue to be deprived of their freedom and liberty, and were the jails to continue, because of plaintiffs and class members to be over-crowded.

---

[1] *Winter* did not change this standard, and it arguably reduced the "*strong* likelihood" standard to merely "likely to succeed on the merits." Plaintiffs have met both standards.

Under the so-called "alternative test," a party seeking injunctive relief must demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable injury, *or* (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Stanley v. Univ. of Southern California*, 13 F.3d 1313, 1319 (9th Cir. 1994).

Taken as a whole, these requirements construct "a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 516 (9th Cir. 1993) (citations and internal quotation marks omitted). Conversely, *mutatis mutandis*, and/or by *modus tollens*, as the probability of success increases the required degree of irreparable harm decreases. *See id*.

Under the test for injunctive relief, a moving party must show that there is a fair chance of success on the merits. *Stanley,* 13 F.3d at 1319, as here plaintiffs have shown. Likewise, "[u]nder either formulation of the test, a party seeking an injunction must demonstrate that it will be exposed to some significant risk of irreparable injury." *Associated General Contractors v. Coalition for Economic Equity,* 950 F.2d 1401, 1410 (9th Cir. 1991).

Defendant is acting and continues to act without any legal authority and contrary to controlling legal authority, and continues to proceed with plaintiffs' and class members' unlawful detentions. He must be prohibited from doing so.

Plaintiffs have demonstrated that plaintiffs are entitled to a preliminary injunction.

## IV.
## MEETING THE COURT'S CONCERNS, AS SET FORTH IN ITS MAY 27, 2022 ORDER DENYING PRELIMINARY INJUNCTION.

The court recited that the Ninth Circuit explained how bail is set, in its decision in *Buffin. Peo. of Los Angeles County Who Are Being Penally Confined In Pre-Trial Detention Because Of And Dependent Upon Their Inability To Pay Bail,*

2022 WL 2189647, at *2. Plaintiffs suggest that this wholly irrelevant here, because it matters not how plaintiffs' bails were set, since they are held because they are poor and for no other reason. Moreover, it is not plaintiffs' and class members' burden to show how their bails were set, because that is defendants' burden.[2] No matter, plaintiffs are being held because of their poverty, and that is unconstitutional. If defendant can show otherwise, then he must do so, because, as the *Buffin* trial court held, a sheriff cannot use "the bail schedule or a different system 'that requires or has as its effect that the existence and duration of pre-arraignment detention is determined by an arrestee's ability to pay[,].'" *ibid.*, because "'the common practice of conditioning freedom solely on whether an arrestee can afford bail is unconstitutional.'" *Ibid.* (quoting *In re Humphrey*, 11 Cal.

---

[2] This would be a matter of an affirmative defense, Fed. R. Civ. P. Rule 8(c) (1) -- a defendant "must affirmatively state any avoidance or affirmative defense," and defendant here has set forth no such avoidance or  affirmative defense in his answer, Doc. 43, *see* pp. 4-6 (affirmative defenses 1-15). Were defendant to have argued pleaded such an affirmative defense, still the burden would be on defendant to prove it. To the extent that defendant might contend that his affirmative defenses 9 and 10 were such defenses, that is, that he merely was following orders from the state, the simple answers are sociological and legal: (1) Sociologically, "Eichmann in Jerusalem, A Report on the Banality of Evil," Hahhah Arendt (Viking Press, 1963), p. 135, contains the answer: Eichmann claimed he bore no responsibility because he was simply "doing his job" -- "He did his 'duty' . . .; he not only obeyed 'orders,' he also obeyed the 'law.'" This appears to be what Villanueva contends in affirmative defenses 9 and 10. It doesn't wash. (2) Legally, that not a defense in the Ninth Circuit. *See Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994) ("as historical events such as the Holocaust and the My Lai massacre demonstrate, individuals cannot always be held immune for the results of their official conduct simply because they were enforcing policies or orders promulgated by those with superior authority. Where a statute authorizes official conduct which is patently violative of fundamental constitutional principles, an officer who enforces that statute is not entitled to qualified immunity [or, *a fortiori*, an equivalent affirmative defense].") Villanueva has no defense to continuing to hold poor people, just because they are poor, and it is his burden to show that there is some other reason, other than poverty, to hold them.

5th 135, 143 (2021)).  As to methods for setting bail Nos. 1 and 2, above, "a trial court [who either issues a warrant or who sets bail in open court] may order an arrestee detained pending trial only if the trial court has determined either that an arrestee has the ability to pay the bail the court sets *or* that clear and convincing shows there is no alternative less restrictive than detention to vindicate the state's interest in 'protect[ing] victim or public safety [. . .] or ensur[ing] the defendant's appearance." *Id.* at 156 (emphasis in original).  Here, there is no clear and convincing evidence, as required, and the burden is not on plaintiffs to prove a negative of no clear and convincing evidence: that is defendant's burden.

Thus, plaintiffs have met their burden, and defendant has not met his burden.

In its prior order, the court stated that "Plaintiffs' declaration do not say whether the declarants' bail was first set by a judge or the bail schedule," *Peo. of Los Angeles County Who Are Being Penally Confined In Pre-Trial Detention Because Of And Dependent Upon Their Inability To Pay Bail, etc.*, 2022 WL 2189647, at *3. But this makes no difference, since they all are held because of their poverty. Moreover, plaintiffs simply do not know this. But defendant has records of this, presumably.

Plaintiffs assert that if they are detained pre-arraignment or post-arraignment, still the fact that they cannot afford to post bail is the reason for their detentions, so their statuses vis-a-vis arraignment is both irrelevant and immaterial. All of their detentions are unconstitutional.

Plaintiffs make the "additional evidentiary showing to demonstrate they are entitled to an injunction under either the reasoning in *Buffin* or the reasoning in *Humphrey*," *ibid.*, by submitting additional declarations: they are entitled to an injunction under both cases. There is no showing of either "individualized concern for non-appearance of victim or public safety." *Ibid.* Plaintiffs do not need to --

10

1   indeed, cannot -- make such a showing: but defendant can (if it is the case, which it

2   is not).

3           It makes no difference what other avenues might be available to plaintiffs

4   for relief, *viz.*, meeting with the County Probation Dep't, since they have sought

5   relief under § 1983, and this court is where they are, and they need not go

6   anywhere else. Plaintiffs have told this court they cannot afford bail. *See e.g.*

7   *Nance v. Ward*, 2022 WL 2251307, ___ U.S.___ (June 23, 2022) (in a situation

8   where other remedies are available, such as state habeas corpus, "we have insisted

9   that § 1983 contains an 'implicit exception' for actions that lie 'within the core of

10  habeas corpus.'" (citation omitted).

11          And, as to the methods the state provides for bail to be set, in this § 1983

12  action, they simply are irrelevant. As the Court further stated in *Nance*:

14          [T]he ordinary and expected outcome of many a meritorious § 1983 suit is to
15          declare unenforceable (whether on its face or as applied) a state statute as
            currently written. See, *e.g.*, *Cedar Point Nursery* v. *Hassid*, 594 U. S. ——,
16          141 S.Ct. 2063, 210 L.Ed.2d 369 (2021) . . . A prisoner, no less than any
17          other § 1983 litigant, can bring a suit of that ilk—can seek relief that would
            preclude a State from achieving some result unless and until it amends a
18          statute.
19          And indeed, courts not uncommonly entertain prisoner suits under §
20          1983 that may, if successful, require changing state law.
            ***
21          Here too, the claim belongs in § 1983 because—just like this one—it
22          challenges not the validity of a death sentence, but only the State's mode of
            carrying it out. . . . The State, assuming it lost the suit, would then have to
23          modify its law to go forward with the execution. But the nature of the suit
24          would still be the same. The complaint would still ask to adjust only a matter
            of implementation, so it still could be filed under § 1983.
25
26  *Id.* at *7. The same applies here: that plaintiffs brought a § 1983 action as their

27  remedy trumps the three available, state procedures for setting bail, and the only

28  issue is whether, *vel non*, plaintiffs and class members are held because of their

poverty. They are, so that they are entitled to the issuance of a prohibitory, preliminary injunction.

There is irreparable harm: the loss of one's freedom, for which damage never can adequately compensate.

The balance tips in plaintiffs' favor and the public interest would be served by defendant being forced to follow the law and also by emptying the over-crowded jails.

## V.
## CONCLUSION

For each and all of the reasons set forth, plaintiffs should be granted a preliminary injunction, as set forth in the proposed order that is lodged concurrently herewith. There is a "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them[,]" *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817 (1976) (citations omitted), and this court must fulfill that obligation, and notwithstanding whatever alternative bail procedures may be available. *See also Lexmark Intern. Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014) (there is "our recent reaffirmation of the principle that 'a federal court's "obligation" to hear and decide' cases within its jurisdiction 'is "virtually unflagging."' *Sprint Communications, Inc. v. Jacobs*, 571 U.S. ——, ——, 134 S.Ct. 584, 591, 187 L.Ed.2d 505 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)."). Either what's going on here is or is not unconstitutional, there is an excluded middle, and it should not be muddled by defendant, or the court, by insisting that there are other ways for plaintiffs to escape from their unconstitutional pretrial confinement, or by any further temporizing.

Respectfully submitted,
YAGMAN + REICHMANN, LLP

By: _Stephen Yagman_
STEPHEN YAGMAN

## DECLARATION OF JAIME AGUIRRE

I, JAIME AGUIRRE, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $80,000 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

_____/s/_____
**JAIME AGUIRRE**  June 1, 2022

## **DECLARATION OF MICHAEL ALMERAZ**

I, MICHAEL ALMERAZ, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $750,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.


_____/s/_____
**MICHAEL ALMERAZ** June 9, 2022

1

## DECLARATION OF TRAVON BROOKS

I, TRAVON BROOKS, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $2,100,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

_____/s/_____
**TRAVON BROOKS** July 7, 2022

1

## DECLARATION OF JOSE CABRERA

I, JOSE CABRERA, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $270,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

**JOSE CABRERA** June 10, 2022

1

## DECLARATION OF SAMUEL CANO

I, SAMUEL CANO, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $100,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

_____

SAMUEL CANO June 1, 2022

1

## **DECLARATION OF WALTER EDMONDS**

I, WALTER EDMONDS, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $50,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

_____/s/_____
**WALTER EDMONDS** June 1, 2022

## **DECLARATION OF VICTOR GAEXOLA**

I, VICTOR GAEXOLA, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $40,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

/s/
_____
**VICTOR GAEXOLA** June 15, 2022

1

## <u>DECLARATION OF TIMOTHY GILBERT</u>

I, TIMOTHY GILBERT, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $50,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.


_____/s/_____
**TIMOTHY GILBERT** June 1, 2022

1

## <u>DECLARATION OF ERIBERTO GUZMAN</u>

I, ERIBERTO GUZMAN, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $80,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

<u>/s/</u>
**ERIBERTO GUZMAN** June 1, 2022

1

## <u>DECLARATION OF JOHN HUTCHINS</u>

I, JOHN HUTCHINS, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $60,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

_____/s/_____
**JOHN HUTCHINS** June 1, 2022

1

## DECLARATION OF TAZMAN IRVINE

I, TAZMAND IRVINE, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $51,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

_____/s/_____
**TAZMAND IRVINE** June 1, 2022

1

## DECLARATION OF JUSTIN IVY

I, JUSTIN IVY, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $50,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

_____/s/_____
**JUSTIN IVY** June 15, 2022

1

## DECLARATION OF TONY LAVAN

I, TONY LAVAN, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $80,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.


_____/s/_____
**TONY LAVAN** June 15 2022

1

## DECLARATION OF VICTOR LOPEZ

I, VICTOR LOPEZ, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $215,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

**VICTOR LOPEZ** June 1, 2022

1

## **DECLARATION OF MARK MUNOZ**

I, MARK MUNOZ, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $150,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

_____/s/_____
**MARK MUNOZ**  June 1, 2022

1

## DECLARATION OF WILLIAM RAINS

I, WILLIAM RAINS, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $135,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.


_____
                    /s/
**WILLIAM RAINS** July 7, 2022

1

## <u>DECLARATION OF OSCAR RAMIREZ</u>

I, OSCAR RAMIREZ, following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $40,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.


_____ /s/ _____
**OSCAR RAMIREZ** June 17, 2022

## DECLARATION OF JOHNNY ROLDAN

I, JOHNNY ROLDAN, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $101,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.


_____/s/_____
**JOHNNY ROLDAN** June 25, 2022

1

## DECLARATION OF EDGAR SANCHEZ

I, EDGAR SANCHEZ, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $3,050,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.


_____/s/_____
**EDGAR SANCHEZ** June 29, 2022

1

## DECLARATION OF TREVOR SHIVERS

I, TREVOR SHIVERS, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $105,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

_____/s/_____
**TREVOR SHIVERS** June 1, 2022

1

## **DECLARATION OF JAHLEELE STANLEY**

I, JAHLEELE STANLEY, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $2,000,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

JAHLEELE STANLEY June 1, 2022

1

## **DECLARATION OF MARIO VARGAS**

I, MARIO VARGAS, declare the following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $30,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.


_____/s/_____
**MARIO VARGAS** June 15, 2022

1

## DECLARATION OF CHRISTOPHER WILGUS

I, CHRISTOPHER WILGUS, following to be true under the penalty of perjury at Los Angeles, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am being held on $100,000.00 bail at the Los Angeles County Men's Central Jail, in a criminal case pending in the Los Angeles Superior Court.

2. I have no funds to pay any bail at all.

3. During my court appearances, no prosecutor has contended that I am a flight risk, and no prosecutor has contended that I am a danger to the community were I released.

4. Also, during my court appearances, no judge has stated that I am a flight risk or that I would be a danger to the community were I released, and I am being held only because I cannot afford to pay the bail set, or any bail at all.

_____/s/_____
**CHRISTOPHER WILGUS** June 22, 2022