1   PAUL B. BEACH, State Bar No. 166265
    pbeach@lbaclaw.com
2   JUSTIN W. CLARK, State Bar No. 235477
    jclark@lbaclaw.com
3   LAWRENCE BEACH ALLEN & CHOI, PC
    150 South Los Robles Avenue, Suite 660
4   Pasadena, California 91101
    Telephone No. (818) 545-1925
5
6   Attorneys for Defendant
    Sheriff Alex Villanueva
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  PEOPLE OF LOS ANGELES              )  Case No. 2:22-cv-02538-DMG-JEM
    COUNTY WHO ARE BEING               )
12  PENALLY CONFINED IN PRE-           )  Honorable Dolly M. Gee
    TRIAL DETENTION BECAUSE            )
13  OF AND DEPENDENT ON THEIR          )  *IMMEDIATE RELIEF
    INABILITY TO PAY BAIL, BY          )  REQUESTED*
14  MARK MUNOZ, DANIEL                 )
    SHANNON, AND DEONDRE               )
15  SMITH,                             )  *EX PARTE* APPLICATION FOR
                                       )  BRIEFING SCHEDULE ON
16          Plaintiffs,                )  PLAINTIFFS' MOTION FOR
                                       )  PRELIMINARY INJUNCTION
17      vs.                            )  (DKT. NO. 54); DECLARATION
                                       )  OF JUSTIN W. CLARK IN
18  ALEJANDRO VILLANUEVA, and          )  SUPPORT THEREOF
    TEN UNKNOWN, NAMED                 )
19  DEFENDANTS, 1-100,                 )
                                       )  Crtm:   8C
20          Defendants.                )
                                       )
21  _____   )

22      TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR

23  ATTORNEYS OF RECORD:

24      PLEASE TAKE NOTICE that Defendant Sheriff Alex Villanueva

25  ("Defendant"), through his counsel of record, hereby applies, *ex parte*, for an

26  order setting a briefing schedule on Plaintiffs' Motion for a Preliminary

27  Injunction "prohibiting defendant from retaining in custody pretrial detainees

28  who are too poor to pay cash bail."  (Dkt. No. 54, hereinafter, "Motion.")

                                    1

1    As set forth herein, good cause exists for this Application and the briefing
2 schedule requested herein for several reasons, including, without limitation, that
3 Plaintiffs' Motion raises factual and legal issues requiring Defendant to gather,
4 analyze and submit a significant amount of information and evidence in
5 conjunction with the preparation of the opposition papers.  Specifically, Plaintiffs
6 have submitted declarations from 23 individuals who assert that they are being
7 held on bail amounts they cannot afford to pay – none of whom were properly
8 disclosed during the minimal meet and confer discussion prior to the filing of this
9 Motion, and only one of whom was known to Defendant before this Motion was
10 filed (Mark Munoz).  (*See*, Declaration of Justin W. Clark ["Clark Decl"], ¶¶ 3,
11 5.)  Investigating and reviewing the criminal history background information of
12 22 individuals, alone will take more time than is presently available under the
13 existing briefing schedule, let alone synthesizing and condensing that information
14 for the Court's review and examination.

15    In addition to the sheer amount of work necessary to respond to Plaintiffs'
16 Motion, good cause further exists for an extended briefing schedule because lead
17 counsel, Paul Beach, is on vacation the entire week of July 11, and will not be
18 available to work on Defendant's opposition papers until next week, July 18.

19    At approximately 8:22 a.m. on July 11, 2022, pursuant to Local Rules 7-19
20 and 7-19.1, Defendant's counsel contacted the office of Plaintiffs' counsel,
21 Stephen Yagman, regarding this Application, and provided notice of Defendant's
22 intention to file it, along with notice of the relief that would be requested.  (*See*,
23 Clark Decl., ¶¶ 6-7.)  As of the filing of this Application, Plaintiffs' counsel has
24 not indicated whether Plaintiffs oppose or not.  (*Id*.)

25 ///
26 ///
27 ///
28 ///

2

1    Plaintiffs' counsel, Stephen Yagman, can be contacted at the following:

2

3        Yagman & Reichmann
         333 Washington Boulevard
4        Venice Beach, CA  90292
5        (310) 452–3200
         filing@yagmanlaw.net
6

7

8    Dated: July 11, 2022                    LAWRENCE BEACH ALLEN & CHOI, PC

9

10                                     By   /s/  Justin W. Clark
11                                          Justin W. Clark
                                            Attorneys for Defendant
12                                          Sheriff Alex Villanueva

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.**   **Good Cause Exists For This Application And For The Court To Set A Reasonable Briefing Schedule On Plaintiffs' Motion.**

The purpose of this Application is to respectfully request that the Court set a reasonable briefing schedule on Plaintiffs' Motion for Preliminary Injunction which is presently scheduled for hearing on August 5, 2022.  Plaintiffs filed their Motion after the close of business on Friday, July 8, 2022 at 6:17 p.m., providing the minimum amount of notice by scheduling it for hearing on August 5th.  (Dkt. No. 54; Clark Decl., ¶ 3.)  As it stands now, Defendant's opposition papers must be filed by July 15.  This means, realistically, that Defendant will have only approximately four (4) court days to prepare the opposition papers which is, respectfully, not nearly enough time given the relevant factual, evidentiary, and legal issues that Defendant's opposition must address.

Numerous reasons establish good cause for the Court to grant this Application and to modify the briefing schedule as requested herein.

**A.**   **Defendant Requests Only A Reasonable Briefing Schedule Similar To The One Entered On Plaintiffs' Previous Motion For Preliminary Injunction.**

This is Plaintiffs' third attempt at securing a preliminary injunction.  (*See*, Dkt. No. 12; *see also*, Dkt. No. 41 – May 27, 2022 Order Denying Plaintiffs' Motion Preliminary Injunction.)  Plaintiffs first sought an injunction against Defendant (before Defendant had even appeared) on April 15, 2022, when they filed an Application for a Temporary Restraining Order.  This first attempt was summarily denied for failure to comply with Local Rule 7-19.  (Dkt. No. 12.)  Thereafter, Plaintiffs filed a renewed Application for a TRO on April 19, 2022.  (Dkt. No. 13.)  In response to that Application, Defendant requested, and the Court approved a reasonable briefing schedule.  (Dkt. No. 18.)  Specifically, on April 22, 2022, the Court denied Plaintiffs' Application for a TRO, and

converted the TRO Application to a Motion for Preliminary Injunction, and set a briefing schedule which provided Defendant until May 6, 2022 to file opposition papers. (*Id*.)  After it was fully briefed, Plaintiffs' Motion for a Preliminary Injunction was denied on May 27, 2022. (Dkt. No. 41.)

Here, Defendant requests only a similar and fair opportunity to prepare and file the opposition papers to Plaintiffs' latest motion for preliminary injunction. Indeed, the same reasons that justified the Court's prior approval of a modified briefing schedule exist here, and Defendant requests nothing more.  In fact, while Plaintiffs' prior motion was supported by just three declarations, 23 declarations have been submitted this time around.  Defendant will have to engage in a time-consuming and thorough investigation of each of these individuals' criminal procedural backgrounds in order to meaningfully address the issues and arguments to be included in Defendant's opposition papers.  This investigative effort will take more time than Plaintiffs have provided by scheduling this motion on the minimum amount of notice.

Simply put, Defendant seeks only a reasonable opportunity to be heard by way of a short extension of the current briefing schedule.

**B.      Good Cause Exists For The Requested Briefing Schedule Based Purely On The Need To Investigate The Background Of The 23 Declarants.**

Good cause exists for the Court to set a briefing schedule on Plaintiffs' Motion for the simple reason that Defendant needs more time to research and investigate the background of 22 individuals from whom Plaintiffs have submitted declarations in support of their Motion.[1]  (*See*, Clark Decl., ¶ 2.)  This

---

[1] Only Plaintiff Mark Munoz was known to Defendant before this Motion was filed.  The other 22 inmate declarants were never disclosed before this Motion was filed.

1   information – namely, the background of these persons, is critical to Defendant's

2   opposition, and this body of information is not readily available.  Indeed,

3   Defendant must request relevant information from law enforcement sources, and

4   even when received (the timing for which is difficult to predict with reasonable

5   accuracy), the information must be carefully reviewed and then incorporated into

6   the opposition.

7          The 22 new declarants' names have been forwarded to relevant Sheriff's

8   Department personnel to begin the process of assembling information about these

9   individuals, but the fact of the matter is that compiling this information takes a

10  significant amount of time; time that is presently not available unless the Court

11  grants this Application and sets a reasonable briefing schedule.  The time

12  necessary to thoroughly research and accurately address these declarants'

13  criminal history backgrounds alone establishes good cause for this Application.

14          **C.     Good Cause Exists For A Briefing Schedule Because Lead**

15                 **Counsel Is On Vacation The Week of July 11.**

16          Good cause further exists for this Application and the briefing schedule

17  requested herein because lead counsel, Paul Beach, is on vacation the entire

18  week of July 11 and will be unable to assist with the preparation of Defendant's

19  opposition.  (*See*, Clark Decl., ¶ 4.)  Mr. Beach has been the primary attorney

20  handling this case for Defendant, and his assistance in preparing Defendant's

21  opposition to Plaintiffs' Motion is critical.  (*Id.*)  Putting aside the other reasons

22  that good cause exists for this Application, the reality is that Defendant will be

23  severely and unnecessarily prejudiced without the briefing schedule requested

24  herein because without it, Mr. Beach will not able to review and provide input to

25  Defendant's papers.

26  ///

27  ///

28  ///

6

**D.**     **The Need For This Application Could And Would Have Been Avoided Had Plaintiffs' Counsel Met And Conferred In Good Faith.**

This Application could and would have been avoided had Plaintiffs' counsel met and conferred in good faith.   For example, during the meet and confer on Plaintiff's Motion on June 17, 2022, Defendant's counsel requested that Plaintiffs' counsel provide the names and other identifying information for the individuals from whom Plaintiffs would offer evidence.  (*See*, Clark Decl., ¶ 5.)  Plaintiffs' counsel, however, refused to provide full names or any other identifying information for their list of declarants, responding that "he did not have a full list in front of him."[2]  Instead, Plaintiffs' counsel only provided a handful of last names only, which is, quite frankly, worthless in this context. (*Id*.)  For example, Plaintiffs' counsel provided the names "Chavez" and "Guzman," but refused to provide these persons' first names or any other identifying information that would have allowed Defendant to locate them in relevant County jail or criminal records databases.  (*Id.*)  Plaintiffs' counsel's refusal to provide such basic information prior to filing this Motion further justifies the granting of this Application.

Had Plaintiffs' counsel engaged in good faith and meaningful meet and confer efforts by providing the complete names and other identifying information of the 23 declarants sufficiently in advance of the filing of their

---

[2] While Plaintiffs' counsel may not have "had the full list in front of him," he clearly was aware, or should have been, of the names of the most of the inmate declarants.  Indeed, most of the declarations were signed in early to mid-June – before the June 17 meet and confer conference on Plaintiffs' Motion.  For example, Michael Almeraz's declaration was signed June 9.  Jaime Aguirre's declaration was signed June 1.  Jose Cabrera's declaration was signed June 10. Indeed, only two declarations—those of Travon Brooks and William Rains— were signed in July.  (Clark Decl., ¶ 5.)

1   Motion, this Application would not have been necessary.  But, unfortunately,

2   that is not what occurred, thereby requiring Defendant to seek a reasonable

3   modification of the briefing schedule.

4       **E.      Plaintiffs Will Suffer No Prejudice If This Application Is**

5               **Granted.**

6       Good cause exists for a briefing schedule based purely on the above;

7   however, it is also important for the Court to take into consideration that there is

8   no emergency here.  Indeed, as referenced above, most of the declarations in

9   support of Plaintiffs' Motion were signed more than month ago.  There are

10  numerous declarations signed on June 1, well more than a month after this

11  motion was filed, which belies any contention that an emergency situation

12  overcomes Defendant's showing of good cause for a briefing schedule.

13  **II.    Conclusion.**

14      Based on the above and GOOD CAUSE appearing, Defendant

15  respectfully requests that the Court grant this Application and set the following

16  briefing schedule for Plaintiffs' Motion for Preliminary Injunction:

17          Defendant's Opposition due by: July 29, 2022;

18          Plaintiffs' Reply due by: August 12, 2022; and

19          Hearing Date): August 26, 2022.

20

21                                  Respectfully submitted,

22  Dated: July 11, 2022            LAWRENCE BEACH ALLEN & CHOI, PC

23

24                                  By ___ /s/  Justin W. Clark _____

25                                      Paul B. Beach
                                        Justin W. Clark
26                                      Attorneys for Defendant
27                                      Sheriff Alex Villanueva

28

**DECLARATION OF JUSTIN W. CLARK**

I, Justin W. Clark declare as follows:

1.     I am an attorney at law, duly authorized to practice before this Court and I am a shareholder in the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendant Sheriff Alex Villanueva ("Defendant") in the above-entitled action.  I have personal knowledge of the facts stated herein, except those stated upon information and belief and as to those matters, I believe them to be true.  If called to testify to the matters herein, I could and would competently do so.

2.     I offer this declaration to in support of the instant Application for the Court to set a reasonable briefing schedule with respect to Plaintiffs' Motion for Preliminary Injunction "prohibiting defendant from retaining in custody pretrial detainees who are too poor to pay cash bail."  (Dkt. No. 54, hereinafter, "Plaintiffs' Motion.")  Plaintiffs filed their Motion after the close of business on Friday, July 8, 2022 at 6:17 p.m., providing the minimum amount of notice by scheduling it for hearing on August 5, 2022.

3.     Good cause exists for this Application and the briefing schedule requested herein for several reasons, including, without limitation, that Plaintiffs' Motion raises factual and legal issues requiring Defendant to gather, analyze and submit a significant amount of information and evidence in conjunction with the preparation of the opposition papers.  Specifically, Plaintiffs have submitted declarations from 23 individuals who assert that they are being held on bail amounts they cannot afford to pay – none of whom were properly disclosed during the minimal meet and confer discussion prior to the filing of this Motion, and only one of which, Mark Munoz, was known to Defendant.  Investigating and reviewing the criminal history background information of 22 new individuals alone will take more time than is presently available under the existing briefing

9

1  schedule, let alone synthesizing and condensing that information for the Court's

2  review and examination.

3       4.     Good cause further exists for this Application and the briefing

4  schedule requested herein because lead counsel, Paul Beach, is on vacation the

5  week of July 11 and will be unable to assist with the preparation of Defendant's

6  opposition.  Mr. Beach has been the primary attorney handling this case for

7  Defendant, and his assistance in preparing Defendant's opposition to Plaintiffs'

8  Motion is critical.  Putting aside the other reasons that good cause exists for this

9  Application, the reality is that Defendant will be severely and unnecessarily

10  prejudiced without the briefing schedule requested herein because without it,

11  Mr. Beach will not able to review and provide input to Defendants' papers.

12       5.     This Application could and would have been avoided had

13  Plaintiffs' counsel, Stephen Yagman, met and conferred in good faith.   For

14  example, during the meet and confer on Plaintiff's Motion on June 17, 2022,

15  Defendant's counsel requested that Mr. Yagman provide the names and other

16  identifying information for the individuals from whom Plaintiffs would offer

17  evidence.  Mr. Yagman, however, refused to provide full names or any other

18  identifying information for their list of declarants, responding that "he did not

19  have a full list in front of him."[3]  Instead, Mr. Yagman only provided a handful

20  of last names only, which is, quite frankly, worthless in this context.  For

21  example, Mr. Yagman provided the names "Chavez" and "Guzman," but

22

23  [3] While Mr. Yagman may not have "had the full list in front of him," he clearly
   was aware, or should have been, of the names of the most of the inmate
24  declarants.  Indeed, most of the declarations were signed in early to mid-June –
   before the June 17 meet and confer conference on Plaintiffs' Motion.  For
25  example, Michael Almeraz's declaration was signed June 9.  Jaime Aguirre's
   declaration was signed June 1.  Jose Cabrera's declaration was signed June 10.
26  Indeed, only two declarations—those of Travon Brooks and William Rains—
27  were signed in July.

28

1   refused to provide these persons' first names or any other identifying

2   information that would have allowed Defendant to locate them in relevant

3   County jail or criminal records databases.  Mr. Yagman's refusal to provide such

4   basic information prior to filing this Motion further justifies the granting of this

5   Application.

6          6.       This Application could and would have been unnecessary had

7   Mr. Yagman met and conferred in good faith by providing the names of the

8   declarants he was aware of at that time, which he clearly had, but refused to

9   disclose.  Early disclosure during the meet and confer process would have

10  allowed Defendant to investigate the background information of these

11  individuals, and locate associated records, before Plaintiffs' Motion was even

12  filed.

13         7.       At approximately 8:22 a.m. on July 11, 2022, pursuant to Local

14  Rules 7-19 and 7-19.1, I contacted the office of Plaintiffs' counsel, Stephen

15  Yagman, regarding this Application, and provided notice of Defendant's intention

16  to file it, along with notice of the relief that would be requested.  As of the filing

17  of this Application, Plaintiffs have not yet indicated whether they oppose this

18  Application or not.  Ordinarily, I would have sent opposing counsel an email

19  providing such notice (and frankly, a request that the parties stipulate to a briefing

20  schedule), but as the Court is aware, Mr. Yagman refuses to communicate with

21  opposing counsel via email.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

11

8.     Plaintiffs' counsel, Stephen Yagman, can be contacted at the following:

Yagman & Reichmann
333 Washington Boulevard
Venice Beach, CA  90292
(310) 452–3200
filing@yagmanlaw.net

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 11th day of July 2022, at Los Angeles, California.

                                    /s/ Justin W. Clark
                                    Justin W. Clark