```
STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Propounded by Plaintiffs
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MARK MUNOZ, *et al., etc.,*<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO VILLANUEVA, *et al.,*<br><br>Defendants. | 2:22-002538-DMG(JEMx)<br><br>**RESPONSE TO DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR CONTINUANCE OF HEARING DATE**<br><br>Judge Dolly M. Gee |

On the ground that defendant's counsel, once again, has not presented truthful and honest information to the court in support of his application, Declaration of Stephen Yagman, attached hereto, plaintiffs object to the relief sought, because his dishonesty, as pointed out in the Declaration, is a basis for not crediting and/or believing his other assertions that he sets forth as the bases for the application. Three weeks within which to respond to the instant motion is excessive, and at odds with the Local Rules, the "speedy" requirement of Fed. R. Civ. P. Rule 1, and, most importantly, the fact that plaintiffs and thousands of class members must languish in the awful Los Angeles County jail during that time.

1

Defense counsel's firm has a large number of attorneys and hase known from June 17 to July 8, 21 days, that the instant motion was coming, and should have planned to be ready to respond to it. It could have been filed on June 24, but was not file on that date because of the mail delays at the jail, for which defendant is responsible. Declaration of Stephen Yagman.

Respectfully submitted,<br>
**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman<br>
**STEPHEN YAGMAN**

# DECLARATION OF STEPHEN YAGMAN

I, Stephen Yagman, declare the following to be true under the penalty of perjury at Venice Beach, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am one of the attorneys for the plaintiff in this action.

2. I write only to correct some misstatements in the Declaration of Justin Clark, submitted in support of the application.

3. I did not participate in the L.R. 7-3 meeting, as Mr. Clark states in para. 5 of his declaration, with him on June 21 or on any other date.

4. In fact, I participated in that meeting with Paul Beach on June 17, at 9:00 a.m., at which time I conducted the L.R. 7-3 conference for the instant motion and another contemplated motion, concerning the jail delays in providing attorney-client mail to inmates and mailing out attorney-client mail of inmates, as well as the Rule 26(f) conference. I attach hereto my Diary and Work Record page for that date. "TF/OC/PB" is my shorthand for telephone with opposing counsel Paul Beach.

5. What Mr. Clark states about that meeting is inadmissible in evidence because he has no personal, firsthand knowledge of it, as it was not with him.

6. What Mr. Clark states in para. 7 of his declaration is inaccurate and misleading. When I began working on July 11, at about 9:00 a.m., I found a telephone message left by Mr. Clark, at 8:22 a.m. All he said was that he wished to discuss changing the briefing schedule on the instant motion and he asked me to telephone him back, to (818)748-8671, which I did at 9:20 a.m. There was no person who answered, and I left him a message that I was returning his call and

3

left my office telephone number. There was no mention whatever of any *ex parte* application, and he did not return my telephone call.

  7. As with the subject of plaintiffs' motion to adjudge Mr. Clark in contempt, Mr. Clark, once again, has not been truthful.

  8. Judge Gee's webpage requires of *ex parte* applications that:
The moving party shall immediately serve the ex parte application on the opposing party by fax, email, or hand delivery and shall notify the opposing party that any opposition must be filed not later than 24 hours after the service of the application.

The application has not been served by fax, email, or hand delivery, nor is there any contention that it was so served. Nor does it contain any notification of when an opposition is due, and on these grounds alone it should be denied.

  9. The declarations submitted in support of the application are not old or stale, as Mr. Clark contends. It was not until I had all of them in hand, which was on July 8, that I could file the motion. Mr. Clark always makes this claim, but the reason they are not dated on the dates I file motions is because defendant's jail delays incoming mail to class members and also delays outgoing mail, so that often it takes as much as a month from when I send declarations to inmates until I receive them back. (I am in the process of preparing an additional action based on the chronic and endemic mail delays, for obstruction of justice and denial of access to the courts, and many of the declarants already have filed PLRA grievances concerning that issue.)

  10. It is incorrect that class members would not be prejudiced by any delay, as every day of delay is an additional day in jail, which they otherwise might not have to suffer.

          _____
          STEPHEN YAGMAN 07/11/22

4

**DIARY & WORK RECORD**

**FRIDAY 17**
Week 24 • Day 168 • JUNE 2022

| REF. | NAME OR PROJECT — DETAILS OF MEETINGS • AGREEMENTS • DECISIONS | TIME HRS. |
|---|---|---|
| 1-2 | Scott - rl oc Inlow 6/15 ltr, rev file, resp | .50 |
| 3-4 | White SM rl & RA, Intro, RP | .25 |
| 5-6 | " dr bgs | 1.0 |
| 8-9 | Lockett tf Castillo re sett + mem jle | .25 |
| 10-12 | Lockett (2) dr new case 1983 + R10 complt, int pty, rel case, civ cov, sum | 4.0 |
| 15-16 | Carr tf JC (DA case) | .25 |
| 17-21 | *(circled)* Munoz 1 9am Tf/oc/PB 2 x 7-3 — PI — Timly mail + 26(f) mem jle | .50 |
| 22-24 | Lockett -3 dr complt, int ptys, rel case, sum + civ cov, set-up file | 2.0 |

